Charles Staarup and Kathryn Staarup were divorced in May 1987. In July 1987, Mr. Staarup filed a petition to modify, alleging a material change in circumstances affecting his ability to pay alimony. Mrs. Staarup answered and filed a motion for contempt. Following a hearing, the trial court denied modification and found Mr. Staarup in contempt. Mr. Staarup filed a motion for new trial in which he requested a hearing. Two days later, the motion was denied without a hearing and without notice. Mr. Staarup appeals.
He asserts that the trial court erred in denying his motion for new trial without a hearing. He raises other arguments in brief; however, we find the initial assertion to be dispositive of this appeal.
Rule 59(g), Alabama Rules of Civil Procedure, requires that posttrial motions "shall *Page 57 
not be ruled upon until the parties have had opportunity to be heard thereon." Rule 59(g) is unequivocal. It mandates that, when a hearing is requested on a motion for new trial, the hearing must be granted. Adams v. City of Dothan Board ofEducation, 475 So.2d 580 (Ala.Civ.App. 1985). Rule 6(d) requires that the trial court give notice of the hearing no later than five days prior to the time specified for the hearing.
Mr. Staarup filed his motion for new trial and specifically requested a hearing. Two days later, the trial court denied the motion without a hearing and without notice. The trial court's refusal in doing so is contrary to Rules 59(g) and 6(d).
The denial of the motion is set aside. This cause is remanded for proceedings in accordance with the Rules of Civil Procedure. Discussion of the other issues presented is withheld.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.