This is a divorce case.
A final divorce decree was entered in June 1991, which ordered, inter alia, that the husband pay the wife periodic alimony. The husband's post-trial motion challenging the alimony award was denied without a hearing, and he appeals.
On appeal, the husband asserts as error that the trial court denied his post-trial motion without a hearing, and that the trial court erred in ordering him to pay periodic alimony to the wife under the facts and circumstances of this case. *Page 626 
The husband contends that the trial court violated Rule 59(g), A.R.Civ.P., by ruling on his post-trial motion without a hearing. He cites Staarup v. Staarup, 537 So.2d 56
(Ala.Civ.App. 1988), and Adams v. City of Dothan Board of Education,475 So.2d 580 (Ala.Civ.App. 1985), to support his position.
Rule 59(g), A.R.Civ.P., provides that a pending post-trial motion "shall not be ruled upon until the parties have had opportunity to be heard thereon." A clear distinction in the cases cited by the husband and the facts in the instant case is that in both of those cases, the movants requested a hearing. Our review of the record in the instant case reveals that although the husband had an opportunity, he failed to request a hearing. Consequently, to deny his motion without a hearing was not error. Watts v. Bank of Prattville, 554 So.2d 381 (Ala. 1989); Matter of Weaver, 451 So.2d 350 (Ala.Civ.App. 1984);Frederick v. Strickland, 386 So.2d 1150 (Ala.Civ.App. 1980).
The husband next contends that the trial court erred in awarding the wife periodic alimony. He argues that she had made no prayer for such relief, that she had made no counterclaim, and that there were no stipulations or discussions for such at the final hearing. He further argues that he cannot afford to pay the wife alimony due to his strained financial situation.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). The matter of alimony rests soundly within the discretion of the trial court and will not be reversed unless that discretion was palpably abused. Waid; Montgomery v.Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). The issues concerning alimony and the division of property are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery, supra. Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575
(Ala.Civ.App. 1985).
A review of the record discloses that the husband initiated the divorce action and his pleading ignored the issue of support for the wife. The wife answered with a general denial and did not file a counterclaim. At the hearing, the court announced what it understood to be the stipulations of the parties and what was to be addressed at the hearing. While the court did not specifically indicate that alimony was included, there is a reference by the trial court that "support is to be fixed by the Court" when it was discussing custody and visitation and other aspects of the divorce.
The court then proceeded to hear testimony from the husband and the wife. Included in that was testimony from the husband that in spite of his claims of unemployment and bankruptcy, he had complied with an order for pendente lite support for the child of $75.00 per week. The trial court also heard testimony from the husband regarding his earning capacity, his potential fault in the breakdown of the marriage, his debts and assets, his gambling activities, and his present financial condition. The wife testified to similar subjects regarding the husband. She also testified regarding her earnings, her education and potential earning capacity, her present financial condition, and current living expenses for her and the parties' child.
A detailed discussion of this evidence would serve no purpose in light of the vast number of cases existing on this subject. The record contains ample evidence supporting the trial court's decision to award periodic alimony to the wife, and we find no abuse of discretion. Accordingly, we affirm.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 627