YATES, Judge.
The parties were divorced on April 7, 1979, and the father was ordered to pay $300 per month child support. On June 12, 1990, the mother filed a petition to modify, claiming that the father’s income and the needs of the three minor children had increased and requesting an increase of child support in accordance with the child support guidelines, Rule 32, Alabama Rules of Judicial Administration. After several delays, during which time one child reached the age of nineteen, a hearing was held in May 1992. The trial court ordered child support increased to $712 per month for the two remaining minor children, based on the father’s income alone. The court also ordered that, because of the constant change in the mother’s income and the fact that she was currently unemployed due to medical problems and recent surgery, the parties themselves should recompute the amount of child support to be paid by the father each calendar quarter. The father *375 appeals. We affirm in part, reverse in part, and remand.
At the outset we note that after an ore tenus proceeding the trial court’s judgment is presumed correct and will be set aside only when it is found to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987). In addition, the modification of child support is a matter that rests within the sound discretion of the trial court, and its judgment will be reversed only on a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The father first contends that the trial court abused its discretion by modifying the child support portion of the divorce decree and in setting the father’s child support obligation at $712 per month. He claims that, other than the mother’s testimony that she was temporarily unemployed, there was no evidence presented by the mother regarding a change in circumstances.
Rule 32(A)(2)(i) provides that “[t]he provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.” At the hearing in the present case the trial court stated that it generally required testimony to establish changed circumstances; however, because there had been thirteen years since child support had been set, there was a presumption that the guidelines should apply. The father’s attorney at that time stood up and informed the court that he had no objection to applying the guidelines and that $100 a month per child was low. Therefore, based on the above, we hold that the trial court did not err in applying the guidelines.
The father next contends that the trial court erred in ordering the parties to exchange documents quarterly regarding their respective incomes and then to compute the father’s child support obligation for the quarter. He contends that only the courts have the power to modify child support and that agreements not approved by the court have no legal effect. We agree.
Although the trial court set out a detailed and well-reasoned method for the parties to adjust child support when the mother’s income changes, agreements between the parties have no legal effect unless approved by the court. Landers v. Landers, 481 So.2d 392 (Ala.Civ.App.1985). Therefore, we find that the trial court erred in ordering the parties to compute their own child support obligation without including in its order provision for court supervision and approval of the quarterly recomputation.
Rule 32(A)(1) provides for stipulations between the parties as follows:
“Stipulations presented to the court shall be reviewed by the court before approval. No hearing shall be required; however, the court shall use the guidelines in reviewing the adequacy of child support orders negotiated by the parties, and shall review income statements which fully disclose the financial status of the parties; however, the court may accept from the parties and/or their attorneys of record a Child Support Guidelines Notice of Compliance which indicates compliance with this rule or, in the event the child support guidelines have not been met, the reason for the deviation therefrom.”
This portion of the rule provides a method for adjusting the child support in accordance with the income of the parties.
Based on the above, the judgment is due to be affirmed in part and reversed in part, and the cause remanded for the trial court to issue an order consistent with this opinion.
The father’s request for an attorney’s fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.