L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced by judgment of the Circuit Court of Pike County, Alabama, entered on November 6, 1992. The wife appeals from certain aspects of the judgment.
The wife first challenges a provision of the judgment allowing overnight custody of the child of the marriage to the husband after the child becomes one year old. She avers that the provision was an abuse of discretion. We find no evidence in the record to support the charge. The determination of custody and rights of visitation by the non-custodial parent are matters for the discretion of the court. Giles v. Giles, 512 So.2d 1380 (Ala.Civ.App.1987). We presume on appeal that the exercise of such discretion is proper and correct. That presumption may be overcome only by evidence that the court has abused its discretion and *785 that it is contrary to the best interests of the child. Spradlin v. Spradlin, 426 So.2d 462 (Ala.Civ.App.1983). The statement of the facts contained in the brief of the wife is less than one page. However, we have read and considered the transcript of the evidence. We find no abuse of discretion in the visitation order.
The second issue presented is that the amount of child support ordered to be paid by the husband is incorrect and too little as calculated under the Child Support Guidelines. There does appear to be a conflict between the income affidavit filed by the husband and some of his testimony. However, it was the duty of the trial judge to resolve any conflict. He is presumed to have done so and entered his judgment. The amount shown in the affidavit filed by the husband was the basis of the judgment. This court does not find that to be materially erroneous.
The third issue contends error in a provision directing the husband to recompute his child support two times per year, based upon his gross income, and to begin paying the corrected amount — such reeomputation is to be binding on the parties if proper procedure is followed. We find no error in that part of the judgment if it is understood that any modification must be approved by the court. Smith v. Rials, 622 So.2d 374 (Ala.Civ.App.1993). However, there are provisions in the order denying the wife’s motion for a new trial which smack of pre-judgment and denial of due process.
One provision is, in fact, a direction of a change of custody of the child if the wife is “unhappy” with the visitation provision and “unwilling” to cooperate fully with the provision. If full cooperation is not forthcoming, she “shall, within 14 days, file her consent to modify custody to award custody to the former husband or to the former husband’s parents.”
Another provision of the order denying the motion for a new trial is directed to the procedure set out to modify the child support, which we have described herein above. That provision says that if the wife does not wish to “utilize the procedure ... she may utilize the normal procedure, but will be taxed with costs, including a reasonable attorney’s fee for the husband.” We deem such an order to be pre-judging and certainly oppressive, tending to repress the wife’s right to access the court in a “normal procedure.”
It is the opinion of this court that both of these recited provisions are an abuse of the authority of the trial court and are hereby directed to be stricken.
We consider that some comment should be directed to counsel for the wife for his irresponsible and disrespectful accusations and comments about the trial judge. Such comments have no place in a brief presented in this court — or any court — especially when they are not supported by a reading of the record.
The judgment, including the order denying the motion for a new trial, is due to be affirmed in part and reversed in part, and the case remanded with directions.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1976, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.