The parties were divorced in August 1995. Among other things, the trial court awarded custody of the parties' four-year-old son to the husband.
The wife appeals and initially asserts that the trial court erred in awarding custody of the minor child to the husband.
There is a strong presumption in favor of the trial court's findings in child custody cases. Cory v. Cory, 429 So.2d 1096
(Ala.Civ.App. 1983). As in all cases where a judgment is rendered after oral proceedings, the judgment of the trial court is presumed correct and will be reversed on appeal only if the judgment is found to be plainly and palpably wrong.Cory.
In Alabama there is no law that gives to either parent priority as to right of custody. Cory. The controlling consideration in child custody cases is the best interests of the child. Cory.
We have reviewed the record and find that the evidence would sustain an award of custody to either party. The trial court was in a better position than this court to determine *Page 619 
which parent's custody would serve the best interests of the child. We cannot gainsay its judgment. Cory.
The wife next asserts that the trial court erred in its disposition of the equity in the marital home.
The husband testified that the home-place was worth approximately $69,000 and that the principal balance owed was $54,000. The equity in the house was approximately $15,000. It was undisputed that the $10,000 down payment came from the husband's father. The wife testified that the down payment was a gift to both parties from the husband's father. The husband testified that the parties had agreed to repay his father.
The trial court awarded to the wife $2,500, amounting to her share of the equity in the house. The wife asserts that because the $10,000 down payment was also a gift to her, she should be entitled to $7,500.
The parties did not agree as to the origination of the $10,000 down payment. It was the duty of the court to resolve any conflict in the evidence. Jeffrey v. Jeffrey, 628 So.2d 783
(Ala.Civ.App. 1993). The resolution of the conflict is supported by the record. We find no error.
The wife finally asserts that in denying her post-judgment motion without a hearing, the trial court committed reversible error.
In her amended post-judgment motion, the wife requested that the trial court allow her to present additional evidence regarding the indictment of one of the husband's friends for child pornography. She further requested that she be able to present additional testimony which would impeach one of the husband's witnesses.
The trial court held two hearings on the wife's post-judgment motion. The allegations concerning the husband's friend were discussed in the first hearing. There were no allegations made that the friend had any contact with the minor child. In the second hearing the wife did not revisit that issue. In the second hearing the wife requested that the trial court reconsider the evidence adduced at the trial. She continued to request that she be entitled to present evidence to impeach the husband's witness.
The testimony of the husband's witness concerned the wife's adulterous affair. The wife admitted that she had been involved in the adulterous relationship. Therefore, additional evidence to impeach that witness would not be relevant.
Rule 59(g), Ala. R. Civ. P., provides that post-judgment motions "shall not be ruled upon until the parties have had an opportunity to be heard thereon." We have said that if a hearing is requested, it must be granted. Staarup v. Staarup,537 So.2d 56 (Ala.Civ.App. 1988). On appeal, however, if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule.Walls v. Bank of Prattville, 554 So.2d 381 (Ala. 1989).
The trial court held two hearings on the wife's post-judgment motion. There is nothing in the rule that requires the trial court to allow the moving party to present additional evidence. Furthermore, we find that the harmless error rule applies to this fact situation. Walls.
The judgment of the trial court is affirmed.
The wife's request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur. *Page 620