693 So.2d 489 (1997)
Lisa Ann GEISENHOFF
v.
Timothy Neal GEISENHOFF.
2950890.
Court of Civil Appeals of Alabama.
March 28, 1997.
*490 Becky Meyer, Decatur, for Appellant.
R. Eric Summerford of Nowlin & Summerford, Decatur, for Appellee.
L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced by the Morgan County Circuit Court on December 18, 1992. The divorce judgment incorporated an agreement entered into by the parties. The trial court awarded the parties joint custody of their two minor children and ordered that neither party owed the other party child support. The parties' agreement specified that the mother was to have physical custody of the minor children.
On September 7, 1994, the father filed a petition to modify, requesting the trial court to award him custody of the minor children, to order the mother to pay child support, and to enter an ex parte order maintaining the status quo of custody. On September 21, 1994, the trial court entered an ex parte order, directing the parties to maintain the status quo regarding custody of the minor children. On October 11, 1994, the mother filed a counterpetition, requesting the trial court to hold the father in contempt of court for refusing to comply with the divorce judgment, to award her custody of the minor children, and to award her an attorney fee.
Following oral proceedings, the trial court entered a judgment, finding that a material change in circumstances had occurred concerning the custody and welfare of the minor children and awarding custody of the minor children to the father. The trial court awarded the mother certain visitation rights. The trial court also found that the father was not in contempt of court because, pursuant to an agreement of the parties, the minor children had lived with the father since January 1, 1993. The trial court further found that to require the mother to pay child support would unduly restrict her ability to "travel to Priceville to get the children for visitation during the week." The trial court denied "[any] further relief sought by either party." The mother filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment, which was denied.
*491 The mother appeals, raising five issues: (1) whether the trial court erred in failing to find the father in contempt of court, (2) whether the trial court erred in denying the mother's request for an attorney fee, (3) whether the trial court erred in awarding the father custody of the minor children, (4) whether the trial court erred in entering the September 21, 1994, ex parte order, and (5) whether the trial court erred in denying her postjudgment motion without conducting a hearing.
With regard to the mother's first two issues, the mother cites general propositions of law to support her arguments. It is well established that general propositions are not considered supporting authority. Ex parte Riley, 464 So.2d 92 (Ala.1985). The mother's failure to cite supporting authority for her first and second issues leaves this court with no alternative but to affirm on those issues. Rule 28(a)(5), Ala. R.App. P.; Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App.1994).
The mother argues that the trial court's award of custody to the father is an abuse of discretion and is plainly and palpably wrong.
In reversing this court in Ex parte Patronas, [Ms. 1960100, February 21, 1997] 693 So.2d 473, 474-75 (Ala.1997), our supreme court stated:
"`When evidence in a child custody case has been presented ore tenus to the trial court, that court's findings of fact based on that evidence are presumed to be correct. The trial court is in the best position to make a custody determinationit hears the evidence and observes the witnesses. Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court in a custody hearing. See Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994), wherein this Court, quoting Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App.1993), set out the well-established rule:
"`"`Our standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App.1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ. App.1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App.1990); Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).'"'
"`It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. See the cases collected at 3 Ala. Digest 2d Appeal & Error § 846(5) (1993).
"`....
"`Neither the Court of Civil Appeals nor this Court is allowed to reweigh the evidence in this case. This case, like all disputed custody cases, turns on the trial court's perception of the evidence. The trial court is in the better position to evaluate the credibility of the witnesses ... and the trial court is in the better position to consider all of the evidence, as well as the many inferences that may be drawn from that evidence, and to decide the issue of custody.'"
The parties' separation agreement, incorporated into the divorce judgment, provided that the parties retained joint custody of the minor children with the mother having "actual physical custody of the children." The parties' testimony regarding the mother and the minor children's living arrangements from December 1992 until July 1994 is conflicting and contested.
The mother testified that the parties had separated in August 1992, that in December 1992 she lost her job, and that she and the minor children returned to live with the father two days before the divorce judgment was entered. She also testified that she and the minor children continued to live with the *492 father until July 1994, when she moved out of the house, and that the father would not allow her to take the children with her when she moved out.
The father testified that after the mother and the minor children moved out of the marital residence in 1992, the mother told him that she could not handle the children, and she asked him to take the minor children. He also testified that the mother returned to live with him and the minor children in the fall of 1993 and that she stayed until approximately Easter of 1994, when she moved out of his house. The father testified that he and the minor children spent July 1994 in the state of New York visiting with both the paternal and the maternal grandparents and that after they returned, he refused to allow the children to live with the mother.
Additionally, several witnesses testified to the father's care of the minor children, i.e., taking the son to day care every morning; picking up and caring for the son when he was ill; attending teacher conferences at the daughter's school; and taking the minor children to the doctor, the dentist, and the ophthalmologist. The witnesses also testified that the mother was rarely seen at the son's daycare center or at the daughter's school and that the mother rarely cared for the minor children.
After carefully reviewing the record, we conclude that the trial court's award of custody to the father was not plainly and palpably wrong or an abuse of discretion. Ex parte Patronas.
With regard to the mother's argument that the trial court erred in entering the September 21, 1994, ex parte order, this argument was not raised at the trial level. "This court cannot consider arguments raised for the first time on appeal; rather our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (citation omitted). Therefore, we do not address the mother's fourth issue.
Last, the mother argues that the trial court erred in denying her post-judgment motion without conducting a hearing.
Rule 59(g), Ala. R. Civ. P., provides that post-judgment motions "shall not be ruled upon until the parties have had an opportunity to be heard thereon." We have said that if a hearing is requested, it must be granted. Hill v. Hill, 681 So.2d 617 (Ala.Civ. App.1996). In this case, the mother did not request a hearing on her post-judgment motion. Consequently, the trial court's denial of the mother's post-judgment motion without a hearing was not error. Maples v. Maples, 599 So.2d 625 (Ala.Civ.App.1992).
The judgment of the trial court is due to be affirmed. The mother's request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, J., concurs specially.
CRAWLEY, Judge, concurring specially.
I agree that the trial court's judgment granting the father's modification petition should be affirmed. However, I write to point out that the father had the burden to prove that a change in custody would materially promote the best interests of his children and that the benefits of this change in custody would more than offset the inherently disruptive effect of a change in custody. Ex parte McLendon, 455 So.2d 863, 865 (Ala. 1984).
In this particular case, the application of the McLendon standard is tricky. The parents resided together with the children under the same roof for approximately one and a half years after the divorce. Although the mother was awarded primary physical custody under the parties' divorce agreement, the parties truly had joint custodymore so than any other divorced parents. The evidence shows an informal, perhaps tacit, *493 agreement that the father provide the housing and care for his children. However, our supreme court has stated that an informal "arrangement itself [can] not constitute a waiver on the mother's part of her right to preference under the divorce judgment." Ex parte Bryowsky, 676 So.2d 1322, 1325 (Ala. 1996).
Thus, the initial award of primary physical custody to the mother in this case requires the application of the McLendon standard to the father's petition for modification. Therefore, the father did have the burden of proving that a change in custody, which in this case was purely a matter of ink on paper, would benefit the children and that the "disruption" of that change would be offset by that benefit. He proved that the children were well-cared for while under his care. He also proved that the children were in a comfortable routine and that a "return" to the mother's custody would disrupt the children's lives.
An informal arrangement regarding custody, like the one in this case, can be considered by the trial court in making a decision on a modification petition. See Bryowsky, 676 So.2d at 1325. The supreme court stated that "the nature of that arrangement and its impact on the child[ren] would be factors to be considered in determining whether a transfer of custody from the mother to the father would materially promote the child[ren's] welfare." Id. The trial court, then, was free to consider the reality of the situationthat the children had been living in the father's home and that one child had been attending that neighborhood's school for at least two years at the time of the hearing. The trial court did so and determined that the children's interests would be best served by granting custody to the father. As the majority states, that decision should not be disturbed on appeal because the mother has failed to show that the evidence does not support it.