[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 490 
Christy A. Jackson ("the wife") appeals from the trial court's final judgment divorcing her from Joseph Jackson III ("the husband"). We affirm in part, reverse in part, and remand.
On November 29, 2005, the husband petitioned for a divorce from the wife. In *Page 491 
that petition, the husband also sought temporary custody of the two minor children born of the marriage. The court granted the husband temporary legal custody of the children. The wife filed an answer to the husband's petition on March 17, 2006. That same day, the wife filed a petition for visitation and a petition for access to the real property acquired during the marriage.
On April 10, 2006, the trial court conducted a trial in which it received ore tenus evidence. The trial court entered a final judgment divorcing the parties on April 25, 2006.
In the divorce judgment, the court awarded the husband the marital residence and assigned him all of the debt associated with the residence. It awarded the husband and the wife the personal property presently in his or her possession, except that the wife was also awarded a Dell computer, two beds, four dressers, a rocking chair, a crib, baby clothes, two wicker shelving units, Christmas decorations, two end tables, stuffed animals, Disney movies, shoes, clothing, hair rollers, a picture frame, dishes, glassware, pictures, cookware, serving pieces and utensils, a toy box, a wood clarinet, and a washer and dryer. Other than the debt on the marital residence, each party was to be responsible for the debts in his or her name.
The court awarded the husband "primary" legal and physical custody of the two children, subject to standard visitation by the wife. The trial court limited the wife's standard visitation by ordering that her visitation be exercised at her mother's home and that the wife not take the children from her mother's home unless her mother accompanies her. The trial court ordered the wife to pay $259 per month in child support.
On April 26, 2006, the wife filed a motion seeking relief from the judgment under Rule 59 and Rule 60, Ala. R. Civ. P. The wife's motion first challenged the supervised-visitation provision of the judgment on the grounds (1) that it was not in the best interest of the children, and (2) that the wife's mother had not consented to and could not be compelled to supervise the visitation. The wife also challenged the trial court's award of child support based on her having received, after the trial, additional pay stubs that showed her gross monthly income was only $139.48. She further asserted that she had been unable to secure additional employment.
On May 10, 2006, the trial court denied the wife's postjudgment motion. The court stated that it had not required the wife's mother to take any action but had simply conditioned the wife's visitation on being supervised by the wife's mother so as to provide for the children's safety and security. The court gave the wife an opportunity to submit a list of other suitable parties who were willing to supervise her visitation. The court also reiterated that the wife's child-support obligation had been based on the court's having imputed to the wife minimum-wage income, as set out in the original judgment, and noted that the mother could not choose to work at a job for less than minimum wage.
On May 25, 2006, the wife responded to the court's order, stating that there were no individuals willing to supervise her visitation. On June 1, 2006, the wife filed her notice of appeal.
The wife raises the following issues on appeal: (1) whether the trial court erred in denying her postjudgment motion without a hearing; (2) whether the trial court erred in granting primary legal and physical custody of the children to the husband; (3) whether the trial court erred in granting the mother only supervised visitation; (4) whether the trial court erred in ordering *Page 492 
the mother to pay child support that exceeded her income; and (5) whether the trial court erred in dividing the marital and premarital property.
 I. Denial of Hearing on Postjudgment Motion
"Rule 59(g), Ala. R. Civ. P., provides that post-judgment motions `shall not be ruled upon until the parties have had an opportunity to be heard thereon.' . . . [I]f a hearing is requested, it must be granted." Geisenhoff v.Geisenhoff, 693 So.2d 489, 492 (Ala.Civ.App. 1997); Inre Weaver, 451 So.2d 350, 352 (Ala.Civ.App. 1984). However, if a party fails to request a hearing on his or her postjudgment motion, failure to hold a hearing is not error.Geisenhoff, 693 So.2d at 492; Weaver,451 So.2d at 352 ("In the absence of a request for a hearing on the motion for rehearing, the trial court was not in error in ruling on the motion without a hearing.").
In this case, the wife moved for relief from the divorce judgment under Rule 59 and Rule 60, Ala. R. Civ. P. She failed, however, to request a hearing on the motion. Accordingly, the trial court did not err by ruling on the wife's postjudgment motion without a hearing.
II. Custody
The wife next asserts that the custody provision in the trial court's judgment is ambiguous. The custody provision provides: "Primary legal custody and primary physical custody of the children of the parties . . . will be with their father, Joseph Jackson, III, subject to the visitation rights of the children and the mother." Although the terms "primary physical custody" and "primary legal custody" have been generally disfavored by this court, we have held that custody provisions like the one at issue in this case can be interpreted only one way — as an award of sole legal and physical custody, subject to the visitation rights of the noncustodial parent. Fotheringhamv. Fotheringham, 950 So.2d 339, 342 (Ala.Civ.App. 2006). We find no ambiguity in this language that would warrant reversal.
We therefore must determine if the trial court's award of sole legal and physical custody to the husband exceeded the trial court's discretion. "A trial court's custody determination following the presentation of ore tenus evidence is presumed correct, and that judgment will not be set aside on appeal absent a finding that the trial court abused its discretion or that its determination is so unsupported by the evidence as to be plainly and palpably wrong." Steed v. Steed,877 So.2d 602, 604 (Ala.Civ.App. 2003). ."This court may not substitute its judgment for that of the trial court."Somers v. McCoy, 777 So.2d 141, 142 (Ala.Civ.App. 2000). "The controlling consideration in child-custody matters is always the best interests of the child." Patrick v.Williams, 952 So.2d 1131, 1140 (Ala.Civ.App. 2006).
In this case, there was evidence indicating that in the year before the final hearing the wife had initially moved out of the marital home and had left the children in the custody of the husband for three or four months. When the wife left the marital home for a second time in August 2005, she again left the children in the custody of the husband. Between August 2005 and the date of the hearing, the wife had not visited with the children overnight, and she had only seen the children for daytime visits at the wife's mother's home two or three times per month. During that time, the wife had been arrested for writing worthless checks. There was also evidence indicating that the wife had used marijuana.
Based on the evidence presented to the trial court, we find that the trial court *Page 493 
acted within its discretion in awarding the husband sole legal and physical custody.
 III. Child Support
The wife asserts that the trial court exceeded its discretion in ordering her to pay child support in the amount of $259 per month in light of the evidence, presented in support of her postjudgment motion, of a change in her income; however, that evidence was not properly before the trial court. A change in income occurring after a trial is new evidence, not newly discovered evidence. Estrada v. Redford, 855 So.2d 551,554 (Ala.Civ.App. 2003).
 "When a party has new evidence as to her income, she may be entitled to a modification of her child-support obligation if she files a petition to modify. . . .
 "A petition to modify, however, is a separate action that requires a proper filing, the payment of a filing fee, and service."
Id. The wife did not file a petition to modify her child-support obligation. Accordingly, the trial court did not err in failing to consider the evidence of her changed income.
Because the evidence of the wife's change in income presented in support of the wife's postjudgment motion was not properly before the trial court, we review the trial court's determination of child support in light of the evidence presented at trial. The wife presented evidence indicating that she earned $400 monthly. In the divorce judgment, however, the trial court stated that it based its child-support calculation on the wife's being employed full-time earning the minimum wage. Thus, the trial court must have found that the wife was voluntarily underemployed.
 "A court may impute income to a parent upon a finding that the parent is voluntarily unemployed or underemployed. Rule 32(B)(5), Ala. R. Jud. Admin. A trial court does not have to make a specific finding that the parent is voluntarily unemployed or underemployed; such a finding may be implicit in the trial court's judgment."
Schiesz v. Schiesz, 941 So.2d 279, 287
(Ala.Civ.App. 2006).
In this case, the trial court's implicit finding that the wife was voluntarily underemployed is not supported by the evidence. The wife had been discharged from her previous job but had been working at her current job for three weeks at the time of the trial. She was also seeking a second job but had been unable to secure any additional employment. The wife testified that her job search was limited because the husband had taken her only vehicle. Because the evidence shows that the wife's underemployment was not voluntary, the trial court exceeded its discretion in imputing full-time minimum-wage income to the wife.
 IV. Supervised Visitation
The wife also challenges the trial court's order that her visitation with the children must be supervised.
 "The trial court has broad discretion in determining the visitation rights of a noncustodial parent, and its decision in this regard will not be reversed absent an abuse of discretion. Alexander v. Alexander, 625 So.2d 433, 435
(Ala.Civ.App. 1993). Every case involving a visitation issue must be decided on its own facts and circumstances, but the primary consideration in establishing the visitation rights accorded a noncustodial parent is always the best interests and welfare of the child."
Carr v. Broyles, 652 So.2d 299, 303
(Ala.Civ.App. 1994). *Page 494 
The record in this case reveals the following. The husband's mother testified at trial that she did not have a problem with the children seeing the wife and that she thought it would be great for the children to see her. However, the husband's mother did have a problem with the children being around the wife's former boyfriend and other people with whom the wife associated. The husband testified that he would like for the wife to visit with the children as much as possible at her mother's home or her grandmother's home.
It was undisputed that the wife's former boyfriend used marijuana, was bipolar, and had previously been in drug rehabilitation. The husband also testified that the wife's sister had told him that the wife's former boyfriend had threatened him. Even though the wife testified that she allowed her former boyfriend to be present when the children were in her custody, there was no evidence indicating that such contact had harmed the children. As to the wife's character, it was also undisputed that the wife had been arrested for writing worthless checks. However, the wife testified that those charges were being dismissed. There was conflicting evidence concerning whether the wife had used marijuana. However, there was no evidence indicating that the wife had ever exposed the children to illegal drug use or associated activity or conversation.
This court has affirmed orders of supervised visitation in cases in which there were allegations that the noncustodial parent had abused the child or that the non-custodial parent had severe psychological problems. See Carr,652 So.2d at 303. In this case, however, there is no evidence indicating that the wife has abused the children or that the wife has any severe psychological problems. Furthermore, there is no evidence indicating that the wife is unfit or unable to care for her children without supervision or additional assistance.
The wife has a constitutional right to a relationship with her children. See, e.g., Quilloin v. Walcott, 434 U.S. 246,98 S.Ct. 549, 54 L.Ed.2d 511 (1978). The children have a fundamental right to free association with their mother.See Webster v. Ryan, 189 Misc.2d 86, 729 N.Y.S.2d 315
(N.Y.Fam.Ct. 2001). "Visitation is the joint right of both the noncustodial parent and the child. . . . The best interests of the child are furthered by the child being nurtured and guided by both of his or her natural parents." Johnita M.D. v.David D.D., 191 Misc.2d 301, 303, 740 N.Y.S.2d 811, 813
(N.Y.Sup.Ct. 2002); see also Appolon v. Faught,796 N.E.2d 297, 300 (Ind.Ct.App. 2003) ("[T]he right of non-custodial parents to visit with their children is a `sacred and precious privilege.'"). The state should not intrude on these constitutional rights any more than is necessary to protect a compelling state interest. See M.L.B. v.S.L.J., 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473
(1996). "The trial court is entrusted to balance the rights of the parents with the child's best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case." Nauditt v.Haddock, 882 So.2d 364, 367 (Ala.Civ.App. 2003). Once the trial court has identified a particular danger to the health, safety, or welfare of the child, and the record establishes that some restriction on visitation is necessary to protect the child, it must mold its visitation order to target that specific concern. See Anderson v. Anderson,147 Ohio App.3d 513, 771 N.E.2d 303 (2002). The trial court has broad discretion in fashioning an appropriate visitation order; however, it exceeds its discretion when it selects an overly broad restriction that does more than address a particular concern and thereby *Page 495 
unduly infringes upon the parent-child relationship.
In this case, the trial court did not tailor the visitation award to the particular dangers at issue. Presumably, the trial court found that the wife's former boyfriend's influence and the wife's purported use of marijuana posed a threat to the best interests of the children. If so, the trial court should have tailored its visitation order to address those concerns, such as by requiring the wife to exercise visitation in the absence of her former boyfriend and by ordering the wife not to expose the children to illegal drug use, activity, or associated conversation. The trial court used overly broad means — supervised visitation — to accomplish those goals. Accordingly, we find that the trial court exceeded its discretion.
 V. Property Division
The wife next argues that the trial court erred in dividing the marital property.
 "The trial court is afforded a wide degree of discretion in dividing the marital assets of the parties upon divorce. Cantrell v. Cantrell, 773 So.2d 487, 489 (Ala.Civ.App. 2000). The only limitation on that discretion is that the division of property be equitable under the circumstances of the particular case, and the task of determining what is equitable falls to the trial court. Ross v. Ross, 447 So.2d 812, 813 (Ala.Civ.App. 1984). In making the division, the trial court may consider several factors, including the parties' respective present and future earning capacities, their ages and health, their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App. 1986). A property division made by a trial court will not be set aside on appeal absent a palpable abuse of its discretion."
TenEyck v. TenEyck, 885 So.2d 146, 154
(Ala.Civ.App. 2003).
At the time of trial, both the parties were employed and in their mid-twenties. There was no evidence indicating that either of the parties were in bad health. It was undisputed that the wife had had an adulterous relationship and that the marriage was relatively short-term, lasting only four years. SeeSeamon v. Seaman, 587 So.2d 333, 335 (Ala.Civ.App. 1991) (stating that five-year marriage was relatively short-term). The parties' property consisted of the marital residence, two motor vehicles, one computer, clothing, and household items. There was outstanding debt on the home, vehicles, and computer. The debt on the vehicles was in the husband's name, and the computer debt was in the wife's name. There was no testimony regarding how much equity the parties had in the marital residence or in the vehicle that the husband drove. The husband did testify that he owed more on the vehicle that the wife had driven than the vehicle was worth.
Although the husband was awarded the residence and the vehicles, he was also assigned the associated debt. The wife was awarded the computer and all but three of the household items that she requested. In light of the evidence regarding the factors a trial court is to consider when making a property division, we find that the court acted within its discretion in dividing the marital property.
The wife also argues that the trial court awarded the husband property that was the wife's premarital property or that belonged to the wife's family. It appears from the record that there was a dispute of fact as to whether one piece of property, a twin bed set, awarded to the husband was acquired before or after the marriage. Accordingly, the trial court acted within its *Page 496 
discretion in awarding the bed set to the husband.
Based on the foregoing, we reverse the trial court's judgment insofar as it requires that the wife's visitation be supervised and determines the wife's child-support obligation based on imputed income to the wife; we remand the case to the trial court for a determination of an appropriate visitation provision and an appropriate child-support award in accordance with this opinion. We affirm the trial court's judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMAS, J., concurs in part, concurs in the result in part, and dissents in part, with writing.
THOMPSON, P.J., and BRYAN, J., concur in part and dissent in part, with writings.
PITTMAN, J., concurs in the result, without writing.