THOMAS, Judge.
Ashley S. Carden (“the mother”) appeals from a judgment of the Madison Circuit Court divorcing her from Michael B. Car-den (“the father”) and awarding the parties joint legal and physical custody of the parties’ minor child (“the child”). We reverse and remand with instructions.
The mother and the father were married in 2003. On October 14, 2008, the mother filed a complaint in the trial court seeking a divorce. In her complaint, the mother alleged that the parties had been exercising joint custody of the child, with each *1117 party having custody on alternating weeks, during their separation. The mother further alleged that she was not satisfied with the parties’ current joint-custody arrangement, and she requested that the trial court award her primary physical custody of the child. The trial court entered a pendente lite order on October 21, 2008, in which it ordered that the child should reside with the party who was living in the marital residence and that the other party would have visitation with the child.
On October 31, 2008, the mother moved the trial court to hold the father in contempt for violating the pendente lite order. In her motion, the mother alleged, among other things, that she was living in the marital residence and, thus, should have pendente lite custody of the child, that the father had taken the child and would not return the child to the mother, and that the father would not inform the mother of where the child was enrolled in day care.
On November 4, 2008, the father moved the trial court to award him pendente lite custody of the child. In his motion, the father alleged that he had been the child’s primary caregiver before the parties’ separation, that the child was currently in his care, and that the mother had stated that she would not allow the father to exercise visitation with the child if he returned custody of the child to her.
The trial court amended the custody provisions of its pendente lite order on December 19, 2008. In the amended provisions, the trial court awarded the mother pendente lite custody of the child, so long as the mother lived in the home belonging to John and Carol Smith (“the maternal grandparents”). The trial court awarded the father visitation with the child every other weekend, every Wednesday night, and other, specified times for holidays and during the summer. On December 19, 2008, the father requested that the trial court appoint a guardian ad litem for the child; the trial court granted the father’s request.
On January 14, 2009, the mother filed a second motion to hold the father in contempt. The mother alleged in her motion that the father had failed to pay child support as required by the pendente lite order. The mother also alleged that the father had failed to pay his required portion of the first and second mortgages on the marital residence.
On August 31, 2009, the trial court held a hearing on the mother’s divorce complaint and the mother’s two contempt motions. Thereafter, the trial court entered a judgment divorcing the parties and dividing the marital property. In its judgment, the trial court awarded the parties “joint legal and joint physical custody” of the child. The trial court awarded the mother custody of the child at all times except those times awarded to the father in the “Standard Visitation Schedule” that was attached to the judgment. The provisions in the “Standard Visitation Schedule” provided that the father would have visitation with the child every other weekend, every Wednesday night, and certain times for holidays and during the summer. The trial court also ordered the father to pay $520 per month to the mother in child support.
In its judgment, the trial court held the father in contempt of court for what it determined was a willful violation of the trial court’s pendente lite order. The trial court determined that
“after the [father] was served with a copy of the Standing Pendente Lite Order, the [father] took the parties’ child, moved her residence to Decatur, Alabama, keeping her hidden from the [mother] and the Court, enrolling her in two (2) different day care centers, all in an effort to prevent the [mother] from *1118 contacting the child or having access to her, pendente lite. As a result, the [mother] was deprived access to and contact with the child from October 24, 2008[,] until December 16, 2008.”
The trial court ordered the father to be incarcerated for 49 days, with 42 of the days suspended for 2 years, provided that the father complied with all further orders of the trial court. The trial court also found that the father’s mother was an active participant in assisting the father in his efforts to prevent the mother from having access to the child.
Additionally, the trial court found the father in contempt for failing to pay child support or to contribute to the payment of the first and second mortgages on the marital residence, as required by the pen-dente lite order. The trial court ordered the father to be incarcerated for 20 days and to pay the mother $2,709.20.
The father subsequently filed a post-judgment motion, moving the trial court to alter or amend its judgment or, in the alternative, moving the trial court for a new trial. Among other things, the father requested that the trial court award the father additional custodial periods with the child. The mother responded to the father’s postjudgment motion, arguing that the father’s custodial time should not be increased. The trial court held hearings on the father’s postjudgment motion on November 10, 2009, and on December 9, 2009.
The trial court granted the father’s post-judgment motion in part, amending the custody award in its judgment. In its amended judgment, the trial court awarded the father and the mother equal custody of the child, with each party having custody on alternating weeks, and eliminated the father’s child-support obligation. The trial court also vacated the provision in its judgment finding the father in contempt for failing to contribute toward the payment of the first and second mortgages on the marital residence and for failing to pay child support under the pendente lite order.
The mother subsequently filed a post-judgment motion, moving the trial court to alter, amend, or vacate its amended judgment. In her motion, the mother argued that the trial court had exceeded its discretion in awarding joint physical custody of the child and in failing to award the mother child support. The mother also argued that the trial court’s joint-custody award did not comply with § 30-3-153, Ala.Code 1975, because, she said, it did not contain an adequate parenting plan. The mother requested a hearing on her postjudgment motion. The mother appealed to this court on March 1, 2010; the mother’s post-judgment motion was denied by operation of law on May 17, 2010.[1] See Rule 59.1, Ala. R. Civ. P.
The mother raises three arguments on appeal: (1) that the trial court erred in awarding the parties joint physical custody of the child; (2) that the trial court’s award of joint physical custody did not comply with § 30-3-153; and (3) that the trial court erred because it did not hold a hearing on her postjudgment motion. Because we find the mother’s argument regarding the trial court’s failure to hold a hearing on the mother’s postjudgment motion dispositive, we pretermit discussion of the mother’s remaining arguments on appeal.
The mother argues on appeal that the trial court erred when it failed to *1119 hold a hearing on her postjudgment motion.
“Rule 59(g), Ala. R. Civ. P., provides that post-judgment motions ‘shall not be ruled upon until the parties have had an opportunity to be heard thereon.’ We have said that if a hearing is requested, it must be granted. Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988). On appeal, however, if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule. Walls v. Bank of Prattville, 554 So.2d 381 (Ala. 1989).”
Hill v. Hill, 681 So.2d 617, 619 (Ala.Civ. App.1996).
In her postjudgment motion, the mother argued, in part, that the trial court’s judgment awarding joint custody was in error because, she said, it did not contain a parenting plan that complied with the requirements of § 30-3-153. Section 30-3-153 provides:
“(a) In order to implement joint custody, the court shall require the parents to submit, as part of their agreement, provisions covering matters relevant to the care and custody of the child, including, but not limited to, all of the following:
“(1) The care and education of the child.
“(2) The medical and dental care of the child.
“(3) Holidays and vacations.
“(4) Child support.
“(5) Other necessary factors that affect the physical or emotional health and well-being of the child.
“(6) Designating the parent possessing primary authority and responsibility regarding involvement of the minor child in academic, religious, civic, cultural, athletic, and other activities, and in medical and dental care if the parents are unable to agree on these decisions. The exercise of this primary authority is not intended to negate the responsibility of the parties to notify and communicate with each other as provided in this article.
“(b) If the parties are unable to reach an agreement as to the provisions in subsection (a), the court shall set the plan.”
The father argues that the provisions in the “Standard Parenting Clauses” section of the amended judgment substantially address the requirements of 30-3-153. The trial court’s amended judgment does address holidays, vacations, and child support. However, the provisions to which the father refers do not state which parent is given primary authority and responsibility in situations under § 30 — 3—153(a)(6), when the parents are unable to agree on those decisions. Section 10 of the “Standard Parenting Clauses” in the trial court’s judgment states:
“Both parents agree that they shall discuss and consider the wishes of the other parent in all major decisions to be made regarding the minor children, including but not limited to medical, dental, religious, educational and recreational activities. Provided, however, that in the event of a dispute between the parties, the custodial parent shall make the final decision on any such issue.”
(Emphasis added.)
The trial court’s amended judgment, which created a true joint-custody arrangement with each parent having equal time with the child, does not designate which parent is considered the custodial parent. Thus, it is not clear which parent would have the final decision on the matters listed in section 10 if the parents are unable to reach an agreement concerning those matters. The trial court’s judgment, *1120 therefore, does not meet the requirements of § 30-3-153. See Ford v. Ford, 3 So.3d 872, 875 (Ala.Civ.App.2008). Because the trial court did not order the parties to submit to the trial court a parenting plan meeting the requirements of § 30-3-153(a) or, if the parties were unable to agree to the parenting plan, did not set a parenting plan, pursuant to § 30-3-153(b), there is probable merit in at least one of the arguments raised in the mother’s postjudgment motion.[2]
We reverse the denial of the mother’s postjudgment motion, and we remand the cause to that court with instructions for the trial court to hold a hearing on the mother’s postjudgment motion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, with writing.

. The mother filed her notice of appeal before her postjudgment motion was denied by operation of law. Therefore, the mother’s notice of appeal was held in abeyance pending the disposition of her postjudgment motion. See Rule 4(a)(5), Ala. R.App. P.

. In concluding that one of the mother’s arguments has probable merit, we do not hold that the mother's postjudgment motion should be granted. Rather, we hold only that there is sufficient probable merit to require the trial court to hold a hearing on the mother’s motion. Additionally, we express no opinion as to the probable merit of the other arguments the mother raised in her postjudgment motion.