THOMAS, Judge.
Valda Carleton (“Valda”) appeals from a judgment of the St. Clair Circuit Court removing her as the administratrix of the estate of William Carleton, Sr. (“the estate”), and appointing William Carleton, Jr. (“William Jr.”), as administrator of the estate.
William Carleton, Sr. (“William Sr.”), died intestate on March 23, 2009. Thereafter, Valda filed a petition in the St. Clair Probate Court for letters of administration of the estate. On August 25, 2009, William Jr. filed a petition in the circuit court to remove the administration of the estate to circuit court. In his petition, William Jr. also requested that the circuit court revoke the letters of administration that had been issued to Valda and to appoint William Jr. as the administrator of the estate. In his petition, William Jr. alleged that Valda had claimed estate-owned property as her own, that Valda had used estate funds for her personal benefit, and that Valda had wasted, embezzled, and maladministered the estate.[1] Valda answered William Jr.’s petition, admitting that removal of the action to the circuit court was proper and denying all William Jr.’s allegations with regard to her administration of the estate.
On June 22, 2010, William Jr. filed a motion in the circuit court, again requesting that the circuit court revoke Valda’s letters of administration and appoint William Jr. as the administrator of the estate. In his motion, William Jr. alleged that the probate court had appointed Valda as ad-ministratrix of the estate based on her status as William Sr.’s widow and that, after her appointment, the circuit court had determined that Valda was not the wife of William Sr. at the time of his death. Therefore, William Jr. argued, Valda no longer had priority over William Jr. for appointment as the administrator of the estate. In response to William Jr.’s motion, Valda moved the circuit court to appoint a third-party administrator for the estate.
The circuit court held a hearing on William Jr.’s petition and motion on December 10, 2010, and, on the same date, it entered a judgment revoking Valda’s letters of ad *86 ministration based “upon the grounds stated in [William Jr.’s] motion” and appointing William Jr. as the administrator of the estate.
Valda filed a postjudgment motion, asserting that the circuit court had erred in its earlier determination that Valda was not the wife of William Sr. at the time of his death; that she had not wasted, embezzled, or maladministered the estate; and that she had not attempted to claim any estate property as her own. Valda also argued that the circuit court had erred in granting William Jr. letters of administration for the estate and in not requiring William Jr. to post bond. Valda requested oral argument on her postjudgment motion. The circuit court denied Valda’s postjudgment motion without holding a hearing. Valda subsequently appealed to the Alabama Supreme Court. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Valda first argues that the circuit court erred when it denied her postjudgment motion without a holding a hearing on that motion.
“Rule 59(g), Ala. R. Civ. P., provides that post-judgment motions ‘shall not be ruled upon until the parties have had an opportunity to be heard thereon.’ We have said that if a hearing is requested, it must be granted. Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988). On appeal, however, if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule. Walls v. Bank of Prattville, 554 So.2d 381 (Ala.1989).”
Hill v. Hill, 681 So.2d 617, 619 (Ala.Civ.App.1996). The question on appeal is, therefore, whether there was probable merit to the arguments presented in Valda’s postjudgment motion.
Valda presented arguments in her post-judgment motion challenging the revocation of her letters of administration. Section 43-2-42, Ala.Code 1975, provides the order of priority as to whom a court must grant letters of administration for an estate. That section provides:
“(a) Administration of an intestate’s estate must be granted to one of the persons herein named if the person is willing to accept and satisfactory to serve in the following order:
“(1) The husband or widow.
“(2) The next of kin entitled to share in the distribution of the estate.
“(3) The largest creditor of the estate residing in this state.
“(4) Any other person as the judge of probate may appoint.”
§ 43-2-42.
At the time Valda filed for letters of administration in the probate court, she was thought to be the widow of William Sr. Thus, Valda had first priority to be appointed as the administrator of the estate, and, accordingly, the probate court appointed her as the administratrix of the estate. After Valda had been appointed as the administratrix of the estate, the circuit court determined in an action brought by one of William Sr.’s previous wives, Mary Gail Carleton, that a final judgment had never been entered in the divorce action between Mary and William Sr.; therefore, the circuit court determined, Mary was the legal wife of William Sr. at the time of his death, their divorce action had abated upon the death of William Sr., see Boudreau v. Slaton, 9 So.3d 495, 500 (Ala.Civ.App.2008), and, accordingly, Valda had not been William Sr.’s wife at the time of his death. This court affirmed the circuit court’s judgment in that action, without an opinion, see Carleton v. Carleton (No. 2090945, March 11, 2011), _ So.3d _ *87 (Ala.Civ.App.2011) (table), and our supreme court denied Yalda’s petition for the writ of certiorari. Thus, Valda is not William Sr.’s widow.
Because Valda is not actually William Sr.’s widow, she does not have priority over William Jr., or any other relative of William Sr., under § 43-2-42. The circuit court lacks discretion in matters of priority under § 43-2-42. See Ogle v. Gordon, 706 So.2d 707, 710-11 (Ala.1997)(“ ‘Priority of right to appointment given by statute, whether as executor or as administrator, is controlling so long as the one having such statutory preference is not disqualified.... ’ ’’(quoting Smith v. Rice, 265 Ala. 236, 248, 90 So.2d 262, 274 (1956))). Therefore, the circuit court could, and was in fact required to, revoke Valda’s letters of administration on William Jr.’s motion because they had been improperly granted on the belief that Valda was William Sr.’s widow. Ogle, supra. See also Brown v. Brown, 204 Ala. 157, 158, 85 So. 439, 440 (1920) (“Where letters of administration have been improperly or improvidently granted, such letters may be recalled by the court granting them, or having jurisdiction of the administration of the estate in question, either ex mero motu or on application of any person in interest.”). Therefore, there was no probable merit in Valda’s argument that the circuit court had erred in revoking her letters of administration.[2] Because there was no probable merit in Valda’s argument on this issue, the failure of the circuit court to hold a hearing on Valda’s postjudgment motion was harmless error.[3] Rule 45, Ala. R.App. P.; Hill, 681 So.2d at 619.
Valda next argues on appeal that the circuit court erred in appointing William Jr. as the administrator of the estate because, Valda says, William Jr. has a conflict of interest based on the fact that he is also the executor of the estate of Randolph Carleton, William Sr.’s father, which estate Valda asserts has conflicting claims of ownership of property with the estate. However, the Alabama Supreme Court has held that a person is not disqualified from serving as the administrator of an estate because of a conflict with the interests of the estate. See Willoughby v. Willoughby, 203 Ala. 138, 139, 82 So. 168, 169 (1919) (holding that, “[e]ven though [the widow] had an adverse interest in the estate, or claimed to have a right superior or antagonistic to decedent’s next of kin, such claims did not disqualify her from acting as administratrix, or subordinate her superior claim to administer the estate to that of petitioners, the brothers, the heirs, and next of kin of decedent”). Therefore, we discern no error in the circuit court’s appointment of William Jr. as the administrator of the estate.
Because the circuit court’s failure to hold a hearing on Valda’s postjudgment motion amounted to harmless error, and *88 because Valda has not shown that the circuit court erred in appointing William Jr. as the administrator of the estate, we affirm the judgment of the circuit court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Section 43-2-290, Ala.Code 1975, provides, in pertinent part:
"An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be removed and his letters revoked for any of the following causes:
[[Image here]]
"(3) The wasting, embezzlement or any other maladministration of the estate.
"(4) The using of any of the funds of the estate for his own benefit.”

. Because we determine that the circuit court properly revoked Valda’s letters of administration based on the fact that she was not the widow of William Sr., we need not consider whether the circuit court could have revoked Valda's letters of administration based on a determination that Valda had used estate funds for her personal benefit or that Valda had wasted, embezzled, or maladministered the estate.

. Valda also argued in her postjudgment motion that the circuit court had erred by not requiring William Jr. to post a surety bond. On appeal, Valda reasserts this issue in her statement of the issues; however, she provides no actual argument as to this issue. Because Valda has not provided this court with any argument on this issue, she has waived the issue on appeal. See Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) ("Issues not argued in the appellant’s brief are waived.”).