DONALDSON, Judge.
Under Alabama law, a judgment creditor who files a contest of a judgment debt- or’s claim of exemption is entitled to a hearing on the issue. See Rule 64B, Ala. R. Civ. P. Because a hearing in this case, which involves a judgment creditor’s contest of a judgment debtor’s claim of exemption, was not held as requested, we reverse the order of the Russell Circuit Court (“the trial court”) granting the claim of exemption filed by Charles L. Ingram, Sr., and remand the cause to the trial court to conduct a hearing on the contest of the claim of exemption filed by J & C Truck Driving School, Inc. (“J & C”).

Facts and Procedural History

J & C provides training in driving trucks. On March 19, 2003, Ingram entered into a retail installment contract with J & C for the purpose of receiving truck-driving training. Pursuant to the terms of the contract, Ingram agreed to pay J & C $9,972.60 for the training. The contract also contained a provision for an award of attorney fees and other costs of collection against Ingram if Ingram did not pay as required and the contract was referred to collection.[1]
On November 12, 2012, J & C filed a complaint in the trial court against Ingram alleging that he had not paid as required by the contract. J & C’s complaint asserted damages in the amount of $9,972.60, together with claims for $17,385.12 in interest and $3,154.20 in attorney fees. Ingram was served with process by certified mail on November 30, 2012. On December 14, 2012, Ingram filed an answer denying that he owed any money to J & C. A trial was set to begin on June 25, 2013. On June 28, 2013, the trial court entered a judgment in favor of J & C and against Ingram, awarding damages in the amount of $9,972.60, prejudgment interest in the amount of $11,000, attorney fees in the amount of $1,500, and court costs. On August 27, 2013, J & C filed a process of garnishment in the trial court seeking to garnish funds from Ingram’s account with Wells Fargo Bank, National Association (“Wells Fargo”). The trial-court clerk issued the process of garnishment to Wells Fargo on September 13, 2013. Wells Fargo was served with process on September 19, 2013.
On September 20, 2013, Ingram, without the assistance of counsel, filed a handwritten statement in the trial court (“the claim of exemption”) in which he asserted that the funds in the Wells Fargo bank account consisted of moneys deposited into the ac *692 count as veteran’s disability benefits and Social Security benefits. In support of this assertion, Ingram attached to the filing a bank statement from Wells Fargo for a single month indicating that funds had been deposited into the account from the United States Treasury and from the Social Security Administration.
On September 25, 2013, J & C filed a contest to the claim of exemption and a motion to strike the claim of exemption. In that motion, J & C contended that Ingram had failed to file a proper inventory of all of his personal property as required by § 6-10-29, Ala.Code 1975. The motion also contended that Ingram had failed to file his claim of exemption in the probate court as required by § 6-10-20, Ala.Code 1975.
On September 30, 2013, Wells Fargo filed, an answer to the garnishment, acknowledging that it had possession of funds belonging to Ingram in the amount of $15,461.24. On that same day, Ingram filed a letter response to the garnishment in which he again asserted that the funds in the account were “Veteran Disability Funds and Social Security Benefits.” He also attached additional bank statements from Wells Fargo.
On October 8, 2013, the trial court, without conducting a hearing, entered an order setting aside the garnishment on the basis of Ingram’s claim of exemption. That order was a final judgment because it “ ‘con-clud[ed] the rights of the parties in respect to the cause of action involved.’ ” Robbins v. State ex rel. Priddy, 109 So.3d 1128, 1132 (Ala.Civ.App.2012)(quoting Steiner Bros. v. First Nat’l Bank of Birmingham, 115 Ala. 379, 384, 22 So. 30, 31 (1897)(em-phasis omitted)). On October 9, 2013, J & C filed a motion pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the October 8, 2013, order and requested that the matter be set for a hearing. In that motion, J & C again asserted that Ingram had failed to submit a proper claim of exemption and that Ingram had failed to follow the proper procedures for claiming an exemption. J & C also contended that the trial court had improperly granted Ingram’s claim of exemption without conducting a hearing on J & C’s contest to the claim of exemption. On October 30, 2013, Ingram, without the assistance of counsel, filed a letter in the trial court in which he, again, stated that the funds in the Wells Fargo bank account derived from veteran’s disability benefits and Social Security benefits. He also stated in that filing that he owned a residence, a 1997 Lincoln vehicle, and personal property. J & C filed a notice of appeal to this court on December 16, 2013, while its postjudgment motion was pending. On January 7, 2014, J & C’s postjudgment motion was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., and the case then proceeded on appeal in accordance with J & C’s December 16, 2013, notice of appeal to this court. See New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 71 (Ala.2004) (“Rule 4(a)(5), Ala. R.App. P., provides that a notice of appeal filed before the disposition of all postjudgment motions shall be held in abeyance until any remaining post-judgment motions are disposed of.”).

Discussion

On appeal, J & C contends that the trial court erred by granting Ingram’s claim of exemption without providing J & C an opportunity to be heard on its contest to the claim of exemption.[2] Rule 64B, Ala. R. Civ. P., states, in pertinent part:
“The plaintiff ... may contest such claim [of exemption] as in contest after declaration filed, and such contest shall be tried and determined as other contests of claims of exemption are tried *693 and determined.... If a timely contest of a claim of exemption is filed, the hearing to determine said contest must be initially scheduled within seven (7) calendar days ... after said contest is filed.”
This court has previously held that a failure to hold a hearing on a contest to a claim of exemption constitutes error. See Eight Mile Auto Sales, Inc. v. Fair, 25 So.3d 459, 463 (Ala.Civ.App.2009)(“[T]he failure to conduct a hearing as contemplated under Rule 64B ... is error that may be raised in a timely appeal.”).
J & C did not specifically request a hearing in the initial filing contesting Ingram’s claim of exemption. In the context of postjudgment motions filed pursuant to Rule 59, Ala. R. Civ. P., which states in subsection (g) that posttrial motions “shall not be ruled upon until the parties have an opportunity to be heard thereon,” our courts have held that if a movant does not request a hearing on a postjudgment motion, the failure to hold a hearing is not reversible error. Combs v. Combs, 4 So.3d 1141, 1150 (Ala.Civ.App.2008) (citing Geisenhoff v. Geisenhoff, 693 So.2d 489, 492 (Ala.Civ.App.1997); In re Weaver, 451 So.2d 350, 352 (Ala.Civ.App.1984)). Rule 64B, however, requires that a contest of a claim of exemption “shall be tried and determined as other contests of claims of exemption are tried and determined” and that the trial court “must” schedule a hearing within seven calendar days in the event a timely contest of a claim of exemption is filed.[3]
Pursuant to Rule 64B, Ala. R. Civ. P., J & C was entitled to a hearing on its contest of Ingram’s claim of exemption. Therefore, we reverse the trial court’s October 8, 2013, order setting aside the garnishment and remand the cause to the trial court for a hearing on J & C’s contest of the claim of exemption in compliance with Rule 64B. Our determination in this case is limited to whether J & C was entitled to a hearing before a judgment was entered on the issue. We make no determination regarding whether Ingram’s claim of exemption was valid or whether the assets in possession of Wells Fargo are exempt.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Charles L. Ingram, Jr., was also a signatory to the contract, and J & C's complaint asserted a cause of action against him. Because he had filed for Chapter 7 bankruptcy, the trial court dismissed Charles L. Ingram, Jr., from the action on February 20, 2013, without prejudice.

. Ingram did not submit a brief on appeal.

. " ‘[T]he term "shall” is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation.’ ” Ex parte Prudential Ins. Co. of Am., 721 So.2d 1135, 1138 (Ala.1998) (quoting Black’s Law Dictionary 1375 (6th ed.1991)).