·31 So.2d 69

### EDWARDS v. EDWARDS.

7 Div. 836.

Supreme Court of Alabama.

April 15, 1947.

Rehearing Denied June 30, 1947.

J. B. Ivey, of Birmingham, for appellant.

Roy D. McCord, of Gadsden, for appellee.

LIVINGSTON, Justice.

This is an appeal from a decree overruling the motion of Marion Edwards, respondent in the divorce proceedings of Neva Edwards versus Marion Edwards, for a release of the writ of garnishment theretofore issued in said cause by the register of the circuit court, in equity, and purporting to be issued on a judgment or decree of the Circuit Court of Etowah County, in equity, in said divorce proceedings, and, in the alternative, for a writ of mandamus to compel the judge of said court to vacate and set aside his ruling on said motion and to discharge respondent, Marion Edwards, from further obligation or liability on said judgment or decree.

On August 12, 1929, the Circuit Court, in Equity, of Etowah County in the divorce proceedings of Neva Edwards against Marion Edwards entered a decree forever dissolving the bonds of matrimony between

the parties for and on account of the cruelty of respondent, Marion Edwards, the husband. The decree awarded the custody of the minor child of the parties to Neva Edwards, the wife, and further, in accordance with an agreement of the parties, awarded to the wife permanent alimony in the amount of forty dollars per month for the support and maintenance of the wife and minor child. Neither party appealed.

On August 23, 1930, on the petition of the husband, the alimony payments were reduced from forty dollars to twenty-five dollars per month. On January 9, 1933, the alimony payments were again reduced from twenty-five dollars to ten dollars per month. It appears that on several occasions the wife instituted garnishment proceedings and contempt proceedings to enforce the payment of the alimony award.

On June 22, 1936, the wife petitioned the court to increase the monthly alimony payments from ten dollars to twenty-five dollars. The husband answered the petition resisting the increase sought, and prayed for the custody and control of the minor on the ground that the wife was not a then suitable person to have the custody and control of said minor.

On August 15, 1936, the trial court entered the following decree on the above mentioned petition and answer:

"This matter coming on further to be heard on this the day set for the hearing of the petition of complaint relative to alimony, and the answer and cross petition of respondent relative to said alimony and custody of the minor child of complainant and respondent, by agreement of the parties in open court in person and represented by counsel.

"It is ordered, adjudged and decreed by the court that the said petition of complainant and answer and cross petition of respondent be and the same are hereby dismissed, and that the respondent, Marion Edwards, be and he is hereby taxed with the costs of this proceeding for which let execution issue.

"Done this the 15th day of August, 1936."

On the 18th day of April, 1945, the wife, by affidavit, instituted garnishment proceedings against the husband to enforce payment of alleged past due alimony, and named the Alabama Great Southern Railroad Company, a corporation, as garnishee. Writ of garnishment was served on the railroad company on April 20, 1945; and on April 30th the husband moved the court to "abate and quash" said writ of garnishment. The motion was grounded in effect on the alleged fact that no alimony payments were past due at the time the writ of garnishment was sued out; an alleged agreement between the parties concerning said alimony payments; laches of the wife; and further that the minor child of the parties was at said time earning his own living and did not need the support of the father and husband.

On April 30, 1945, the trial court made and entered the following decree:

"This cause coming on to be heard on this day is submitted upon the motion of respondent Marion L. Edwards, for a release of the writ of garnishment heretofore issued in this cause by the register of this court on the 19th day of April, 1945, and purporting to be issued on a judgment of the Circuit Court of Etowah County, Alabama, at the August Term 1929, and there being present in court the respondent Marion L. Edwards and his counsel, Hon. J. B. Ivey, and the complainant Neva Edwards being represented by the Hon. Roy D. McCord and the Hon. E. G. Pilcher, and the said motion having been argued and submitted and considered by the court.

"It is ordered, adjudged and decreed by the court that the said motion be and the same is hereby overruled and denied, and to this action of the court the respondent Marion L. Edwards duly and legally excepts.

"Done this the 30th day of April, 1945."

From the foregoing decree this appeal was prosecuted with a petition for the alternative writ of mandamus.

In the absence of some evidence to support the husband's motion to abate and quash the writ of garnishment, we cannot say that the trial court erred in overruling it. We cannot presume error: the record must affirmatively show it, and the record before us fails to do so. It appears that the only order made here was preliminary

in character, and is distinguishable from that considered in the recent case of Callaway, Trustee v. Security Loan Corp., Ala. Sup., 29 So.2d 567.[1] The order will not support an appeal, and the same must be dismissed. Upon the record, the writ of mandamus must be denied.

Appeal dismissed, and writ denied.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.