440 So.2d 1069 (1983)
Ex parte Susan Gail Moates MORGAN.
(Re Ronald L. MOATES v. Susan Gail Moates MORGAN).
82-257.
Supreme Court of Alabama.
September 23, 1983.
*1070 Stephen M. Langham, Prattville, for petitioner.
Clifford W. Cleveland of Cleveland, Booth & Bush, Prattville, for respondent.
FAULKNER, Justice.
We granted certiorari to review a decision of the Court of Civil Appeals requiring the plaintiff to have delinquent child support installments reduced to a judgment by the trial court before instituting garnishment proceedings. We reverse.
Ronald L. Moates and Susan Gail Moates Morgan were granted a final judgment of divorce on October 23, 1978. The divorce decree ordered Mr. Moates to pay the sum of $300.00 per month for the maintenance and support of the three minor children of the union. On August 4, 1981, the plaintiff, the former Mrs. Moates, filed a petition for citation for contempt in the Circuit Court of Autauga County, Alabama, against her former husband, alleging, inter alia, that her former husband had willfully failed to pay support for the minor children.
In response, the defendant filed a motion for general continuance, which was granted by the trial court on August 20, 1981, because Mr. Moates was in the military and had not accumulated sufficient leave to be absent from his military duties. Susan Gail Moates Morgan then had a process of garnishment issued from the Circuit Court of Autauga County, Alabama, on October 8, 1981. The garnishee was the Air Force Accounting and Finance Center of Denver, Colorado. The process of garnishment listed the date of the judgment as October 23, 1978, which is the date of the parties' final judgment of divorce. The judgment amount is listed as $4,000.00 plus $9.00 costs, for a total garnishment amount of $4,009.00. The garnishment pleadings included an affidavit, duly sworn by Mrs. Morgan, stating that as of September 8, 1981, the defendant was $4,000.00 in arrears for his child support obligations pursuant to the October 23, 1978, divorce decree.
On November 5, 1981, Mr. Moates filed a motion to void garnishment, claiming, inter alia, that the garnishment was void due to the fact that the garnishment amount had not been reduced to a judgment and that the amount of the current garnishment was based on an ex parte determination by the plaintiff.
The trial court denied the motion to void the garnishment. It held that it was not necessary to reduce the arrearage to a judgment prior to issuing a garnishment. The Court of Civil Appeals reversed on the authority of this court's opinion in Austin v. Austin, 364 So.2d 301 (Ala.1978). In Austin, the issue before the court was whether past due child support payments may be charged against an estate where the amount due was in dispute and had not been reduced to a monied judgment. The Austin court, relying on Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968), and Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1966), as its authority, held that accrued installments of alimony must be reduced to money judgments before a claim against a decedent's estate would be permitted.
In Miles the wife filed a lien against the husband's estate for past due installments of alimony based upon the judgment of the divorce decree awarding her "$10.00 per week, beginning on the 29th of September 1945." There was no sum certain mentioned in the certificate filed by the wife in the probate court"just $10.00 per week, beginning on the 29th of September 1945." The court stated:
"In addition to the remedy for contempt, the wife, who has obtained a decree requiring the husband to make periodic payment for the wife, can protect herself under the present statute as to past-due installments by obtaining from the court an adjudication that the husband is indebted to her in the amount of the delinquent payments as determined by the court. It would seem clear that *1071 recording a proper certificate based on such a judgment for a stated amount would give the wife a lien on the property of the husband for the amount judicially ascertained to be due."
The court then rendered its opinion by saying:
"We are of opinion that, under the present statute, §§ 584, 585, Title 7, a lien for periodic installment payments can be acquired only by a judicial ascertainment and declaration of the amount of past-due installments and filing a proper certificate showing such a judgment or decree."
After its decision in Miles, this court was presented the question of whether a claim for past due alimony installments under a Georgia court decree filed by the administratrix of a deceased divorced wife against the estate of the divorced husband would be allowed without reduction to judgment. See Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968). Adhering to its decision in Miles, the Dodd court stated:
"By analogy, the doctrine of Miles v. Gay, supra, would deny enforcement of an Alabama decree providing for periodic payments of alimony until accrued installments had been transmuted into a monied judgment for an amount certain. No greater effect need be given a decree of a sister state than is given a decree of this state."
The court held that for a decree for alimony, as to accrued installments to be given effect in this state, it must be reduced to judgment in this state for a sum certain by appropriate proceedings brought for that purpose.
We now come to the heart of the issue in this case, i.e., must past due installments for child support under an Alabama court decree be reduced to a monied judgment before garnishment proceedings can be instituted against the delinquent father? The answer to this question does not come from Austin, Miles, and Dodd. It comes from Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953), O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969), and Andrews v. City National Bank of Birmingham, 349 So.2d 1 (Ala.1977).
Armstrong established the rule that installment payments decreed in a divorce for support and education of the minor children of the marriage become final judgments as of the dates due and may be collected as other judgments. O'Neal, citing Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825 (1938), held that a decree for child support is a fixed monied judgment, as to past due installments, which can only be discharged as any other such judgments. In Andrews, the court held that alimony is a debt which becomes a final money judgment as to past due installments. Thus, being a final judgment, the past due installments of alimony were subject to being attached by a writ of garnishment filed by a creditor of the divorced wife.
We find that Austin, Miles and Dodd appear to be 180 degrees from Armstrong, O'Neal and Andrews. Can these cases be distinguished with any degree of logic? To be sure, Miles and Dodd can be distinguished with logical reasoning. Austin is an inexplicable circumstance.
In Miles the wife secured a certificate of judgment in an uncertain amount and filed that as a claim against the estate of her former husband. Not only was the certificate in an uncertain amount, but it also lacked a statement of the amount of costs. The court held that under the statutes §§ 584, 585, Tit. 7, Code 1940the certificate was insufficient to establish a lien. Because of this, it was necessary that past due installments be reduced to money judgments in a sum certain before the claim would be allowed. And, in Dodd, the court had before it a Georgia court decree awarding periodic alimony, and a claim for past due installments was filed against the deceased husband's estate. This court held that accrued installments must be reduced to a monied judgment before the claim against the estate would be permitted. There is a logical reason for the court's holding. First, the decree was from a foreign jurisdiction. Second, for a decree of a *1072 foreign jurisdiction to be enforceable in this state, the foreign decree must be made a judgment in this state. Cf. Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810 (1901). That is the rule under the Full Faith and Credit Clause of the United States Constitution.
And, now Austin. Austin`s authority for holding that a claim for past due installments of child support must first be reduced to a monied judgment was, as stated above, Miles and Dodd. Neither of those cases should have been authority for our holding in Austin. The holdings of those decisions simply do not come within the facts of Austin. Chief Justice Torbert correctly stated, in his special concurrence, that the majority in Austin had misplaced its reliance on Miles and Dodd. He correctly said that:
"There is no reason in law that claims for alimony or child support should be treated any differently than any other claim or debt asserted against an estate by requiring that such payments be first reduced to a judgment."
We are of the opinion that Austin does not have any relationship to the case before us, and, therefore, cannot be authority for resolving the issue of the case.
We hold that past due installments of child supportlike past due installments of alimony found in Andrewscreate a final monied judgment, and that a writ of garnishment is a legally permitted method of collecting that judgment. There is no logical reason for having the judgment of past due installments reduced to a monied judgment. It is already a monied judgment.
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
JONES, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
MADDOX, ALMON and EMBRY, JJ., dissent.
TORBERT, Chief Justice (concurring specially).
Although I agree with the holding of the majority that past due installments of child support are final money judgments and that a writ of garnishment is a legally permitted method of collecting those judgments, I disagree with the majority's failure to recant the basis of this Court's holding in Austin v. Austin, 364 So.2d 301 (Ala. 1978). The plurality opinion in Austin provided that a disputed claim for past due child support under a divorce decree cannot be allowed as a claim against an estate unless first reduced to a monied judgment. I disagreed with the basis of the decision in Austin, but concurred in the result for two reasons. First, child support payments which mature more than twenty years before a claim is filed are conclusively presumed satisfied, and second, child support payments should not be awarded to children after they reach their majority or after their marriage. 364 So.2d at 303 (Torbert, C.J., concurring specially).
The majority opinion correctly points out that the plurality in Austin misplaced its reliance on Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1966), and Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968). The majority characterizes Austin as an inexplicable circumstance but fails to recant the basis of that decision, stating that it "does not have any relationship to the case before us, and, therefore, cannot be authority for resolving the issue of the case."
The basis of the decision in Austin cannot be distinguished from the present facts. The issue in Austin was whether past due child support payments may be charged against an estate when the amount due has not been reduced to a monied judgment. The majority holds here that past due child support payments are final money judgments. Installment payments decreed in a divorce for alimony or child support become final money judgments on the dates they *1073 are due. I concur in the result and the reasoning of the majority, but disagree with the majority's failure to recant the basis of this Court's holding in Austin.
MADDOX, Justice (dissenting).
The majority does not expressly overrule Austin v. Austin, 364 So.2d 301 (Ala.1978), but the holding of the opinion has that effect; therefore, I respectfully dissent.
ALMON and EMBRY, JJ., concur.