L. CHARLES WRIGHT, Retired Appellate Judge.
The Colonial Bank (plaintiff) brought suit on a note in the Circuit Court of Jefferson County, Alabama, against John L. Lewis (defendant). The complaint was in abbreviated form, containing two counts against two defendants. (We are concerned here only with the second count.) The count alleged that
“defendant John L. Lewis owes the plaintiff the sum of $6781.50 because: contract, plus_for interest plus_ lawyer’s fees (only if plaintiff is represented by a licensed practicing attorney and if the contract you signed so provides) ....
“Total $6781.50
“plus int. and Atty’s fee.”
After service of the complaint, motion for default was timely made, supported by affidavits and copy of the contract. The affidavits and exhibits showed due the principal sum of $6,781.50 and interest thereon with a reasonable attorney’s fee of $1,017.23. Judgment by default was subsequently entered by the court in the total amount of $7,798.73. Such amount is presumed to represent the total of principal, interest, and attorney’s fee as calculated by the court. There is no contention to the contrary. The entry of judgment was according to Rule 55(b)(2), Alabama Rules of Civil Practice and Procedure. Defendant’s Rule 60(b) motion to set aside the judgment was denied, according to the trial court’s case action summary. Defendant has appealed here.
The issue of plaintiff is that the judgment entered by the trial court is contrary to the first sentence of Rule 54(c), A.R. Civ.P., in that it exceeded in amount that prayed for in the demand for judgment. Succinctly stated, the first sentence of Rule 54(c) provides that a judgment by default is limited to the kind and amount of relief demanded in the complaint. This court has said:
“It is obviously the purpose of the rule that a defendant after being served with a complaint and determining not to appear and defend, not be found liable af *441 ter default for a different offense or amount of damages than that originally charged. Such has been the federal rule and that of other states.” (Citations omitted.)
Continental Casualty Co. v. Barlar, 55 Ala.App. 441, 443, 316 So.2d 690, 692 (1975).
It is the contention of defendant that the complaint charged as due only the principal amount of the note or contract. Thus, he says, the judgment for the additional sum of interest and attorney’s fees, though included in the contract, exceeded the amount claimed in the complaint and is void under Rule 54(c).
To the contention of defendant, plaintiff responds that defendant’s basic premise of a faulty complaint is wrong because the complaint claims principal and interest together with attorney’s fees. Plaintiff further submits that the complaint form used has been approved by the Administrative Office of Courts and the Jefferson County courts. We are not informed of nor does the record disclose the verity of plaintiff’s claim. It therefore is given no weight. However, as we have viewed the complaint and shown it herein, we consider that it sufficiently informed defendant, under our present rules of notice pleading, that he was being sued upon a note and contract signed by him which provided for payment of interest and attorney’s fees along with principal upon default. Though it appears that the complaint could have been in more explicit form, it was not so misleading as to lead defendant to believe that plaintiff was claiming less than all it was due under the terms of the contract. Such misleading is what Rule 54(c) is designed to prevent. 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Sec. 2663, at 140 (1983).
Finding no error, we affirm the judgment below.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of Section 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.