ROBERTSON, Presiding Judge.
After twenty-six years of marriage, Gary Walters and Judy Walters were divorced on May 5, 1992. In the final divorce decree entered by the Walker County Circuit Court, the wife was awarded $1 per year as periodic alimony; all interest in the marital residence, along with its furnishings; the parties’ lot on Smith Lake; a Toyota automobile; her individual retirement account (IRA) in the amount of $26,302; and the sum of $73,698 from the husband’s IRA.
The husband was awarded a 1992 Lexus automobile, an Audi 5000 automobile, a 1987 Corvette automobile, an office building located at 404 4th Avenue in Jasper, Alabama, 500 shares of stock in G & J Trucking, Inc., 1,000 shares of stock in Gary Walters, P.C., and 250 shares of stock in Truck Stop 78, Inc. He was ordered to pay the mortgage indebtedness on the residence awarded to the wife and all the marital debts.
After the judgment of divorce was entered, the trial court, ex mero motu, amended its decree by striking the portion of the decree awarding the wife the sum of $73,698 from the husband’s IRA and, instead, awarded the wife $1,100 per month as periodic alimony for a period of twenty years or until she, inter alia, remarries. The court also granted the wife a mortgage on the husband’s office building to ensure payment of the periodic alimony. It was undisputed at oral argument on this case that the trial court based its action on the belief that Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979), prevented the trial court from making a property award from the husband’s IRA.
The husband contends on appeal that it was improper to award substantial periodic alimony by amended decree, ex mero motu, and that the trial court may not indirectly do what it is prohibited from doing directly.
We find that the trial court erroneously amended its original judgment, ex mero motu, based on Kabaci This court has determined that Kabaci does not prevent the trial court from making awards from IRAs as alimony in gross or to effect a property settlement in a divorce action. Jones v. Jones, 596 So.2d 949 (Ala.Civ.App.1992); Poole v. Poole, 522 So.2d 288 (Ala.Civ.App.1988).
The parties were married in June 1966, and one child, now an adult, was born of the marriage. The wife is forty-five years old and is a tenured school teacher with an annual salary of $37,815. The husband is forty-six years old and is in good health. He is an accountant, and his income has varied over the last several years. His tax returns reflect that his 1989 income was $125,270; his 1990 income was $77,233, while in 1991 he showed an income of only $39,129.23.
After reviewing the record and hearing arguments of counsel for both parties, we find that the trial court’s original judgment was equitable and was not an abuse of discretion. However, we find no basis for the award of $1,100 per month alimony for twenty years. See Allen v. Allen, 477 So.2d 457 (Ala.Civ.App.1985). Consequently, we reverse the amended judgment of the trial court and remand this case for the trial court to reinstate the original judgment of divorce.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.