This is a petition for a writ of mandamus.
The parties have appeared before this court previously. SeeWalters v. Walters, 628 So.2d 720 (Ala.Civ.App. 1993). In that case, this court held that the trial court could award the wife property from the husband's IRA, and that the trial court erred when it amended the divorce judgment. Walters, supra. On remand, the trial court reinstated the original divorce judgment, which awarded the wife $73,698 from the husband's IRA. *Page 155 
The husband contends that he sent the wife the appropriate forms to effect the transfer of the IRA funds, but that she failed to sign them. The wife testified that she did not sign the forms after she learned of the tax and penalty consequences of the transfer. She testified that she then filed garnishments against several financial institutions to obtain the funds. After the trial court denied the husband's motion to quash process of garnishment, he filed this petition for a writ of mandamus. He asks this court, by way of mandamus, to quash the garnishments, to interpret provisions of the judgment regarding interest, and to order the trial court to limit the payment of the funds from the IRA.
Mandamus is a drastic and extraordinary writ. To issue such a writ, there must be "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Adams, 514 So.2d 845, 850
(Ala. 1987). The writ is not to be granted unless there is a clear showing of injurious error in the trial court. Ex parteSlade, 382 So.2d 1127 (Ala. 1980).
The respondent correctly asserts that mandamus is an inappropriate remedy in the case sub judice because the husband has another adequate remedy; i.e., he may appeal the denial of his motion to quash garnishment. Ala. Code 1975, § 6-6-464, provides for an appeal from a ruling in a garnishment proceeding to "the court of civil appeals . . . at the instance of . . . the defendant." Since the husband, as the defendant, has another adequate remedy, his petition for the extraordinary writ is due to be denied. See Adams, supra.
WRIT DENIED.
ROBERTSON, P.J., and YATES, J., concur