PITTMAN, Judge.
Charles Lee Robbins, Sr. (“the father”), has appealed from an order entered by the Madison Circuit Court (“the trial court”) in garnishment proceedings initiated by the State of Alabama on the relation of the father’s former wife, Mary Beth Robbins Priddy (“the mother”), denying objections lodged by the father to the garnishment of his retirement benefits payable by the United States Social Security Administration (hereinafter “SSA” or “the garnishee”). Because the order as to which the father seeks appellate review is not a final judgment that will support an appeal, we dismiss the father’s appeal.
The marriage of the mother and the father was dissolved by a judgment of divorce entered by the trial court in 1988. *1129 Although that judgment does not appear in the record, it can be ascertained from subsequent filings that that judgment (a) awarded custody to the mother of the minor children born of that marriage in 1983 and 1985 and (b) directed the father to pay support for the children to the mother. In 1995, the trial court entered a judgment determining that the father owed the mother $743 in unreimbursed medical expenses incurred on the children’s behalf, but it did not alter any support provisions then in effect. As of September 1995, the father’s monthly child-support obligation was $750, but that obligation increased to $800 per month until the older child of the parties reached the age of majority in December 2002, after which the father was to pay $400 per month until the younger child reached the age of majority in June 2004. It is undisputed that the father did not make any payments toward satisfying the $743 medical-expense judgment until 2004, when he paid $181.07; further, the father did not pay monthly child support from September 1995 until June 2004 except for one full and three partial payments. By December 2009, the aggregate of the father’s unpaid monetary obligations to the mother, including postjudgment interest at 12 percent per annum, see Ala.Code 1975, § 8-8-10, before its 2011 amendment, had grown to over $167,000.
Pursuant to 42 U.S.C. § 654(4)(A), the State of Alabama provides services relating to the enforcement of child-support obligations upon application therefor. The State caused the issuance of an administrative income-withholding order (“IWO”) to SSA in August 2009 upon being notified that the father was receiving income from SSA. However, the father’s attorney at that time notified counsel for the State that an IWO was “not appropriate” because the mother’s and the father’s children had reached the age of majority.[1] The State then notified SSA that withholding pursuant to the IWO should not continue.
Having released SSA from the IWO, the State next began to seek satisfaction of the father’s unpaid support obligation via garnishment. On February 4, 2010, an assistant district attorney filed in the trial court a “Process of Garnishment” form (Unified Judicial System Form C-21) directed to SSA in which it was averred that the father owed the mother $165,933.58 and that the garnishee should withhold compensation payable to the father to satisfy that obligation. The form also stated that the defendant (ie., the father) had the right to claim exemption from garnishment and that the plaintiff (ie., the mother) had the right to contest any exemption claim within 15 days after the filing of such a claim. The father filed an objection to garnishment in which he asserted that Social Security compensation was exempt from garnishment, to which the State replied that such benefits were susceptible to garnishment pursuant to 42 U.S.C. § 659; the father later orally asserted a statute-of-limitations defense to the proposed garnishment at a hearing on the father’s objection. The trial court entered an order on April 2, 2010, determining that Social Security benefits were subject to garnish- *1130 merit but that garnishment could nonetheless not proceed because the underlying divorce judgment had not been revived. No appeal was taken from that order barring the garnishment from going forward.
In June 2010, the State filed a motion seeking revival of the underlying divorce judgment for the months of February 1990 through June 2004, the month of the younger child’s 19th birthday. That motion was granted by the trial court. Thereafter, on July 30, 2010, the State filed a second Form C-21 seeking a writ of garnishment directed to SSA; the father’s unpaid obligation was alleged in that form to have increased to $171,986.71. The father replied to the filing of the form by asserting that his Social Security benefits were exempt under federal and Alabama law and that the State’s claim was barred by the applicable statute of limitations, by res judicata, and by collateral estoppel; also, on September 17, 2010, he filed an exemption form in which he claimed to own personal property consisting of only a motor vehicle and clothing and asserted that his Social Security benefits were needed to pay for “necessaries.” The trial court thereafter granted a stay of the garnishment sought by the State. On October 6, 2010, more than 15 days after the father’s exemption filing, the State responded to that filing, and the father thereafter moved to dismiss the garnishment proceedings because the State had failed to respond within 15 days to his exemption filing. After a hearing, the trial court entered a judgment on December 21, 2010, granting the father’s motion to dismiss. No appeal was taken from that judgment.
On January 3, 2011, the State filed a third Form C-21; the father’s unpaid obligation was alleged in that form to be $171,986.71. SSA returned that form to the trial court and asserted that it was impossible, without provision of the father’s Social Security number, to determine whether the father’s benefits were due to be deemed subject to garnishment. The State then filed and caused to be served a corrected Form C-21 bearing the father’s Social Security number. On March 11, 2011, the father again filed a claim of exemption from garnishment, averring that the December 21, 2010, judgment barred further garnishment efforts; that, at his age (67 years) and economic status (unemployed and indigent), garnishment of his Social Security benefits would cause a “grave and undue financial hardship”; and that he continued to own $100 in personal effects and a motor vehicle in which he had no equity interest. On March 30, 2011, 19 days later, the father filed a motion to dismiss the State’s third garnishment attempt, averring that the State had again missed the 15-day deadline for responding to his exemption claim. That motion to dismiss was granted on April 8, 2011; again, no appeal was taken from the judgment finally disposing of the State’s third garnishment effort.
On April 12, 2011, the State filed a fourth Form C-21; the father’s unpaid obligation was alleged in that form to have increased to $175,408.29. The father filed, on May 5, 2011, another claim of exemption from garnishment, averring that the December 21, 2010, and April 8, 2011, judgments barred further garnishment efforts; that, at his age (67 years) and economic status (unemployed and indigent), garnishment of his Social Security benefits would cause a “grave and undue financial hardship”; and that he continued to own $100 in personal effects and a motor vehicle in which he had no equity interest. On this occasion, the State timely filed a contest of the father’s exemption claim on May 18, 2011, after which the trial court set a hearing in the case. The father filed a motion seeking dismissal of the State’s *1131 fourth garnishment effort as being barred by the doctrine of res judicata and reimbursement of $1,200 secured through an earlier IWO; the State and the father then filed additional papers supporting and opposing the propriety of garnishment of the father’s Social Security benefits. On August 11, 2011, the trial court entered an order denying the father’s motions and his exemption claim; however, that order did not direct SSA, the garnishee, to undertake any actions for the benefit of the State or the mother.
On August 30, 2011, the State, through a different district attorney, filed a fifth Form C-21, the father’s unpaid obligation was alleged in that form to have increased to $177,496.27. After that filing, the father filed a motion attacking the correctness of the trial court’s August 11, 2011, ruling on the State’s fourth garnishment effort and a motion to dismiss and a contest of garnishment directed to the State’s fifth garnishment effort; in his claim of exemption and motion to dismiss directed to the fifth garnishment form, the father averred, in addition to invoking any preclusive effects of the judgments on the State’s first through third garnishment efforts, that he had “received a tentative diagnosis of colon cancer, with metastasis into the liver and lungs” and that he was “the sole care provider for” his disabled current spouse (who, he said, had also been diagnosed with cancer and had required three major organ transplants). After further filings regarding the legal and factual soundness of the father’s attempts to resist the State’s fifth garnishment effort, the trial court issued an order on October 12, 2011, ruling against the father’s contest and claims of exemption; however, that order did not compel SSA as garnishee to undertake any actions on behalf of the State or the mother. The father’s motion to set aside that order was denied on November 15, 2011.
The father filed a notice of appeal on December 19, 2011, seeking review of the trial court’s denial of his objections and claims of exemption directed to the State’s fifth garnishment effort. After a review of the pertinent statutes and caselaw applicable to garnishment proceedings, we conclude that the father’s appeal is premature: there is, as of yet, no final judgment in the case in favor of the mother against SSA that aggrieves the father.
The principal body of statutes that govern garnishment proceedings in Alabama appears in Article 9 of Chapter 6 of Title 6 of the 1975 Alabama Code; such a proceeding typically has, as its goal, “to reach and subject money or effects of a defendant ... in the possession or under the control of a third person,” ie., a garnishee. Ala.Code 1975, § 6-6-370. Any plaintiff holding a judgment on which execution may issue may obtain process of garnishment by filing an affidavit stating, among other things, the amount due from the defendant and that the named garnishee is believed to be chargeable therefor. See Ala.Code 1975, §§ 6-6-390 & 6-6-391. In such instances, however, Alabama’s garnishment statutes recognize that both the putative garnishee and the defendant are entitled to notice and an opportunity to appear as parties in interest entitled to assert their respective positions as to the plaintiff’s garnishment claim. See Ala. Code 1975, §§ 6-6-393, 6-6-394, 6-6-450, & 6-6-459. Alabama’s garnishment statutes further provide for the entry of a conditional judgment against a nonap-pearing and nonanswering garnishee and an additional period during which such a garnishee may appear before the conditional judgment is made an absolute judgment. See Ala.Code 1975, § 6-6-457. In contrast, when a garnishee appears and answers the process of garnishment, the plaintiff may, by statute, controvert the *1132 answer within 30 days, after which a hearing on the controversy is to take place. See Ala.Code 1975, § 6-6-458.
As to appeals, Alabama’s garnishment article states merely that “[a]n appeal lies ... at the instance of the plaintiff, the defendant, the garnishee, or the contestant, or claimant.” Ala.Code 1975, § 6-6-464. The question of appellate jurisdiction under the predecessor to that statute was examined by our supreme court in Steiner Bros. v. First National Bank of Birmingham, 115 Ala. 379, 22 So. 30 (1897), in which that court indicated the necessity of a “final judgment or decree,” as is required in appeals generally, in order to support an appeal in a garnishment action and identified the classes of orders that would support an appeal:
“[T]he judgment rendered, as between the parties, the plaintiff instituting it, and the garnishee standing in the relation of a defendant, has all the properties and qualities of finality and conclusiveness of a judgment rendered in any other civil suit. A judgment against the garnishee in favor of the plaintiff, as finally and conclusively fixes and determines the liability of the garnishee and the rights of the plaintiff as if it had been rendered in a suit inter partes commenced in the ordinary mode of instituting civil suits; and such is in effect the declaration of the statute. A judgment against the plaintiff, discharging the garnishee [ — ] the only final judgment which can be rendered in his favor [ — ] as conclusively adjudges that he was not subject to the process, was not the debtor of the plaintiff, and had not possession, or custody, or control of effects of such debtor. Either judgment — the one in favor of the plaintiff, or that in favor of the garnishee — concludes the rights of the parties in respect to the cause of action involved — the matter of right asserted by the one and denied by the other.”
115 Ala. at 384, 22 So. at 31 (emphasis added; citations omitted).
Those principles were later applied in a setting similar to that present in this appeal in Edwards v. Edwards, 249 Ala. 350, 31 So.2d 69 (1947). In Edwards, the former wife was awarded periodic alimony pursuant to a 1929 judgment divorcing her from the former husband; although the former husband’s obligation was reduced in 1930 and 1933, it was not terminated. In 1945, the former wife sought to garnish the former husband’s wages earned from a railroad company; the former husband then filed a motion seeking to quash those garnishment proceedings. The trial eourt denied the former husband’s motion to quash without addressing the duty of the railroad company to withhold any portion of the former husband’s wages, after which the former husband attempted to appeal. Our supreme court dismissed the appeal, observing that “the only order made here was preliminary in character” and ruling that it “will not support an appeal.” 249 Ala. at 351-52, 31 So.2d at 70.
Both of the foregoing opinions were apparently overlooked by this court when it decided Ex parte Walters, 646 So.2d 154 (Ala.Civ.App.1994), in which we held, without citation to any authority other than § 6-6-464 itself, that mandamus to review a denial of a motion to quash a process of garnishment would not lie because another adequate remedy (ie., appeal) purportedly existed to review that denial. See 646 So.2d at 155. However, this court is bound, by statute, by the decisions of our supreme court, such as Steiner Bros. and Edwards, holding that appeal will he in garnishment proceedings only from judgments that finally adjudicate the rights of the plaintiff and the named garnishee with respect to each other. To the extent that *1133 it held otherwise, Ex parte Walters is hereby expressly overruled.
For all that appears in the record, as to both the fourth garnishment effort and the fifth garnishment effort undertaken by the State in this case, the trial court to date has, in effect, done nothing more than deny a defendant’s efforts to prevent the garnishment from proceeding to a final judgment; notably, SSA has not yet appeared in any capacity therein, and the State has not sought the entry of a conditional judgment or an absolute judgment against SSA. There is, therefore, currently no final judgment as to the fifth garnishment effort from which an appeal will lie. See Steiner Bros. and Edwards, supra. The father’s appeal is, therefore, dismissed.[2]
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. At one time, Alabama law did not allow the use of an IWO as a tool to collect unpaid child-support obligations from nonpaying ob-ligors after the children who had been the subject of the underlying child-support awards had attained the age of majority. See W.L.S. v. K.S.S.V., 810 So.2d 777, 780 (Ala.Civ.App.2001), and Sheeley v. Chapman, 953 So.2d 1252, 1259. (Ala.Civ.App.2006). However, the statute relied upon in both W.L.S. and Sheeley, Ala.Code 1975, § 30-3-60, was amended in 2009 so as to allow for the issuance of IWOs for "enforcement post-majority of arrearages accrued during minority” as well as accrued interest. See Ala.Code 1975, § 30-3-60(10)c.

. We note that, pursuant to Rule 54(b), Ala. R. Civ. P., upon the issuance of this court’s certificate of judgment, the trial court’s August 11, 2011, and October 12, 2011, orders will again be "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”