THOMAS, Judge.
Cynthia Leigh Moore (Jolley) (“the former wife”) and James William Moore (“the former husband”) were divorced by the Jefferson Circuit Court (“the trial court”) on February 12, 1991. The divorce judgment ordered the former husband to pay the former wife $462 in monthly child support. On May 14, 2013, the former wife filed a process of garnishment in the trial court for $56,821.98 for child-support payments that, according to the former wife, the former husband had failed to pay. The case-action-summary sheet indicates that the former husband and his employer, Chelsea Tire and Service, LLC (“Chelsea”), were served with the process of garnishment on May 22, 2013.
On June 13, 2013, the former husband, appearing pro se, filed a motion to quash the garnishment, because, he asserted, he had “never been served with a Petition for Rule Nisi and no judgment has ever been entered against [him].” The former wife filed a response to the motion to quash on June 19, 2013, in which she stated that the former husband was in arrears and that a petition for a rule nisi was not required to support the garnishment. After a hearing, *327 the trial court entered an order on July 22, 2013, denying the former husband’s motion to quash the garnishment.
Chelsea filed an answer to the garnishment on August 6, 2018, asserting that, because the former wife had not listed a judgment date other than the date of the original divorce judgment on the process of garnishment, it should not be ordered to garnish the former husband’s wages. The former wife responded on August 20, 2013. Chelsea filed an amended answer on August 21, 2013, and the former husband, now represented by the same attorney as Chelsea, filed an amended response to the garnishment on the same day. The parties submitted trial briefs, and a hearing was held on October 30, 2013. The trial court entered a final judgment on November 4, 2013, stating that the garnishment was “void on its face as there was no judgment of any kind which was a final judgment on which to collect as of February 12, 1991,” and dismissing the matter without prejudice.
The former wife filed a motion to alter, amend, or vacate or, in the alternative, a motion for a new trial on December 3, 2013. Although the trial court purported to deny the wife’s postjudgment motion on March 5, 2014, the former wife’s post-judgment motion was actually denied by operation of law on March 3, 2014. See Rule 59.1, Ala. R. Civ. P. The former wife filed a timely appeal to this court on March 5, 2014. The former husband and Chelsea, represented by the same attorney, filed a joint appellate brief.
On appeal, the former wife raises multiple arguments regarding the trial court’s judgment. The record indicates that the trial court was not presented with testimony at the hearing and that its judgment was based upon its resolution of a question of law; therefore, the judgment is not subject to the deference afforded by the ore tenus standard. See Eubanks v. Hale, 752 So.2d 1113, 1122 (Ala.1999).
The former wife first argues that the trial court erroneously determined that the garnishment was void because there was not a judgment on which to collect as of February 12, 1991, the date the divorce judgment was entered. We agree. Our supreme court addressed a similar issue in Ex parte Morgan, 440 So.2d 1069 (Ala.1983). In Morgan, the former wife in that case filed a process of garnishment against the former husband in that case for child-support arrearages. 440 So.2d at 1070. The former wife listed the date of the original divorce judgment as the date of the judgment on the process of garnishment. Id. The former husband filed a motion to void the garnishment, asserting that the garnishment was void because the garnishment amount had not been reduced to a judgment. Id. The Morgan court held that past-due installments of child support “create a final monied judgment, and that a writ of garnishment is a legally permitted method of collecting that judgment. There is no logical reason for having the judgment of past due installments reduced to a monied judgment. It is already a monied judgment,” Id. at 1072. Based upon our supreme court’s holding in Morgan, the trial court in the present case incorrectly concluded that the garnishment was void due to a lack of a final judgment.
The former wife also argues that Chelsea was precluded from challenging the validity of the garnishment because its motion to quash was a collateral attack on a final judgment, namely the trial court’s July 22, 2013, order denying the former husband’s motion to quash the garnishment, and also because it lacked standing. We note that the former wife mischarac-terizes the trial court’s July 22, 2013, order denying the former husband’s motion to quash the garnishment. As this court ex *328 plained in Robbins v. State ex rel. Priddy, 109 So.3d 1128 (Ala.Civ.App.2012), a denial of a motion to quash that does not also order a garnishee to withhold any portion of the debtor’s wages is “‘preliminary in character’ ” and “ “will not support an appeal.’” 109 So.3d at 1132 (quoting Edwards v. Edwards, 249 Ala. 350, 351-52, 31 So.2d 69, 70 (1947)). Therefore, the trial court’s order denying the former husband’s motion to quash was not a final judgment.[1]
However, our research leads us to conclude that there is merit to the former wife’s argument that Chelsea lacked standing to attack the validity of the garnishment. Section 6-6-450, Ala.Code 1975, provides, in pertinent part, that “[t]he garnishee must answer under oath according to the terms of the garnishment....” The process of garnishment instructed Chelsea to answer:
“(1) whether you are or were indebted to the Plaintiff/Defendant at the time you received this process, or when you make your answer, or during the intervening time, or
“(2) whether you will be indebted to the Plaintiff/D efendant in the future by existing contract, or
“(3) whether by existing contract you are liable to the PlaintiffDefendant for the delivery of personal property or for the payment of money, or
“(4) whether you have in your possession or control, money or effects belonging to the PlaintiffDefendant.”
Based upon the foregoing, we conclude that Chelsea was limited to answering the four statements above and, thus, that it was precluded by statute from attacking the validity of the garnishment on any other grounds. Therefore, we agree that Chelsea was without standing to argue that the garnishment was void. In its answer, Chelsea admitted that the former husband was a current employee and that it had begun withholding an amount from his wages. Section 6-6-454, Ala.Code 1975, provides, in pertinent part: “If the garnishee answers and admits indebtedness to the defendant, judgment thereon must be entered against him, after judgment against the defendant, for the amount so admitted....”[2]
The former husband contends that the process of garnishment is also void because the former wife neglected to fill in a blank on the process-of-garnishment form. The bottom half of the process-of-garnishment form contains the actual writ of garnishment, which includes a blank line for the obligee to indicate the final amount due to be garnished from the obligor’s wages. The former husband argues that, because the former wife neglected to fill in the blank with the sum of the judgment and costs, the garnishment is rendered void. However, the top half of the form also includes a space that is to be complet *329 ed with the total judgment amount. The former wife completed the space on the top half of the form. Therefore, we hold that Chelsea was sufficiently informed of the total amount to be garnished from the former husband’s wages. See generally Lewis v. Colonial Bank of Alabama, 523 So.2d 440, 441 (Ala.Civ.App.1988).
The former husband has also asked this court to conclude that the garnishment action is precluded by the rule of repose and the applicable statute of limitations; we cannot agree. This court has previously held that “[child-support] payments constitute final judgments from the date that they become due and, thus, are subject to a twenty-year statute of limitations.” Cartron v. Cartron, 565 So.2d 656, 659 (Ala.Civ.App.1990). The former wife filed the process of garnishment on May 15, 2013. Thus, any arrearage accrued during the preceding 20 years was recoverable through garnishment of the former husband’s wages.
Because, as explained in Morgan, supra, it was not necessary for the former wife to obtain a judgment declaring the former husband’s child-support obligation to be in arrears, we conclude that the trial court erred to reversal in its judgment declaring the garnishment void. Accordingly, we reverse the judgment of the trial court and remand the cause for entry of an appropriate garnishment order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Section-6-6-393, Ala.Code 1975, requires a garnishee to appear and file an answer within 30 days of service of the process of garnishment. We note that Chelsea did not file its answer until August 6, 2013, approximately 76 days after it was served. However, § 6-6-457, Ala.Code 1975, also provides that a conditional judgment must be entered against a garnishee who fails to appear, which judgment will then become permanent 30 days after notice of the conditional judgment. The record does not indicate that a conditional judgment was ever entered against Chelsea; therefore, we hold that the lateness of its response is immaterial.

. Although we agree that Chelsea lacks standing to proceed with the argument that the garnishment is void, we note that the former husband and Chelsea are represented by the same attorney and have jointly submitted one brief on appeal.