DONALDSON, Judge.
This appeal involves the right of a person whose wages are subject to a writ of garnishment to an opportunity to be heard to contest the writ. We hold that the person whose wages are subject to a writ of garnishment is entitled to be heard if a hearing is requested. See Robbins v. State ex rel. Priddy, 109 So.3d 1128, 1131 (Ala. Civ. App. 2012) (“Alabama’s garnishment statutes recognize that both the putative garnishee and the defendant are entitled to notice and an opportunity to appear as parties in interest entitled to assert their respective positions as to the plaintiffs garnishment claim.”).
Terry W. Fields (“the former husband”) and Renetta Fields (“the former wife”) were divorced by a judgment of the Jefferson Circuit Court (“the trial court”) in January 1993. Pursuant to the parties’ settlement agreement that was incorporated into the divorce judgment, the former husband agreed to pay $399 per month in support for the parties’ two minor children.
On November 9, 2015, a process-of-garnishment form was filed’ in the trial court under the case number assigned to the divorce proceedings. The record shows that the form was prepared by the State of Alabama Department of Human Resources (“DHR”), and it listed “State of Alabama, ex rel. Renetta Fields,” in thev space provided for the name of the plaintiff or person asserting the claim. In the space-provided for the designation of the attorney for the plaintiff, the name of a DHR attorney was listed. The address for DHR was also listed as the address for the plaintiff. The former husband was listed as the defendant. On the form, DHR identified the date of the judgment sought to be collected by the garnishment as July 21, 2015, and a purported judgment amount of $149,275.41. DHR included costs of $45,95 for a total amount claimed of $149,321.36.
The form contained a preprinted affidavit that states, in part: “I make oath that I have obtained the above judgment and believe the named garnishee is or will be indebted to the named defendant or has or will have effects of the defendant under the garnishee’s control.” An attorney for DHR signed the affidavit before a notary public.
The trial court issued a writ of garnishment, which was served on the former husband’s employer, Cullman Casting Corp. (“the garnishee”), on November 12, 2015. The former husband was served with notice of the garnishment on November 23, 2015. The notice form contained information notifying the former husband that he could file a claim of exemptions to the garnishment. On December 1, 2015, the garnishee filed its answer in the trial court in which it stated: “[Ojbligor is employed and garnishee will withhold from the salary, wages, or compensation, as required, and pay into court.”
On January 14, 2016, DHR filed a motion requesting the trial court to condemn the funds that had been withheld under the garnishment to that point and to enter an order directing that future garnished amounts be forwarded to the Alabama Child Support Payment Center. On January 15, 2016, the trial court entered an order granting DHR’s motion.
On January 26, 2016, the former husband filed a “motion to quash garnishment and motion for relief from judgment.” He described the motion as being filed under Rule 60, Ala. R. Civ. P. In the motion, the former husband asserted, among other *190 things, that no action pertaining to the divorce judgment had been filed since the entry of the January 1993 judgment, that there had been no determination of any child-support arrearage or a judgment entered for the amount claimed, that he did not owe any child support, and that he had been denied due process of law by the issuance of the writ of garnishment without an underlying judgment to support the writ.
On February 1, 2016, the trial court entered an order purportedly granting the former husband’s motion to quash but also ordering that “[t]he garnishment be stayed and the Clerk of the Court is to hold all current funds received via the garnishment and shall not dispose of any funds pending further order of this Court.” The matter was set for a hearing on March 3, 2016. On April 20, 2016, the trial court entered an order that provided, among other things, that “the order to stay the garnishment is hereby set aside and held for naught” and that “the garnishment shall continue as previously ordered.”
On May 27, 2016, the former husband filed another motion, entitled “motion for relief from judgment,” seeking to have the trial court set aside its April 20, 2016, order and the writ of garnishment. In the motion, the former husband made the same factual assertions that he had made in his previous motion, but he also asserted that the former wife had failed to appear at the hearing on March 3, 2016, and that the trial court had continued the case in order to have the former wife appear at a future hearing. The record does not indicate that the trial court ruled on the former husband’s May 27, 2016, motion. The former husband filed a notice of appeal to this court on May 31, 2016. Assuming we have jurisdiction, see discussion, infra, appellate jurisdiction of this matter is appropriate in this court pursuant to § 12-3-10, Ala. Code 1975, because it is an appeal from a judgment entered in a domestic-relations case. See also § 6-6-464, Ala. Code 1975 (“An appeal [in garnishment proceedings] lies to the supreme court or the court of civil appeals, as the case may be, at the instance of the plaintiff, the defendant, the garnishee, or the contestant, or claimant.”).
We must first determine whether this court has jurisdiction to consider the former husband’s appeal. Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) (“[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.”). The former husband filed two motions attacking the issuance of the writ of garnishment, which he claimed were filed pursuant to Rule 60, Ala. R. Civ. P. One motion was filed on January 26, 2016, and a second motion was filed on May 27, 2016. Although the trial court purportedly “granted” the former husband’s January 26, 2016, motion in its February 1, 2016, order, that order only temporarily stayed the garnishment until a hearing could be held on the motion. In its April 20, 2016, order, the trial court denied the former husband’s January 26, 2016, motion and dissolved the stay of the garnishment. The former husband thereafter filed a second motion attacking the writ of garnishment, but, according to the record, the trial court had not ruled on that motion at the time of the former husband’s May 31, 2016, notice of appeal.[1]
The former husband’s January 26, 2016, motion contained the following arguments *191 and requests for relief, among other requests:
“10) That the Defendant is being deprived of Due Process of law when a garnishment is issued by the Clerk and there is no judgment entered as alleged in the process of garnishment.
“11) The Defendant would request that this court set this matter for a hearing to determine if there is a judgment and the amount of the arrearages, if any that are owed by the Defendant.”
The former husband’s January 26, 2016, motion sought “relief from the garnishment issued by the Clerk on October 29, 2015.”[2] In the January 26, 2016, motion, the former husband specifically requested a hearing to challenge the writ of garnishment by asserting that he did not owe the amounts being claimed and that there was no judgment to support the garnishment. It is not clear whether the mere issuance of the November 10, 2015, writ of garnishment is a final judgment to which a motion under Rule 60 could be directed. See Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala. 1982)(“Interlocutory orders and judgments are ... not brought -within the restrictive provisions of Rule 60(b), Alabama Rules of Civil Procedure, which provides for relief from final judgments.”). Regardless of the pendency of the May 27, 2016, motion and regardless of whether the motions are properly analyzed under Rule 60, the April 20, 2016, order which denied the former husband’s January 26, 2016, motion to quash and ordered the garnishee to withhold wages from the former husband’s employment constituted a final, appealable judgment because it “ ‘eonelud[ed] the rights of the parties in respect to the cause of action involved.’ ” Robbins, 109 So.3d at 1132 (quoting Steiner Bros. v. First Nat’l Bank of Birmingham, 115 Ala. 379, 384, 22 So. 30, 31 (1897)(emphasis omitted)). Compare Edwards v. Edwards, 249 Ala. 350, 31 So.2d 69 (1947) (the denial of a motion to quash a garnishment would not support an appeal where the obligation of the garnishee to withhold wages was not established). Thus, the former husband timely filed his notice of appeal within 42 days of the entry of the April 20, 2016, final judgment. We now turn to the merits of the former husband’s appeal.
The former husband asserts that the issuance,of the writ of garnishment was improper because there was no supporting affidavit, pleading, exhibit, or other evidence to support a claim that the former husband owed a child-support arrear-age. Past-due installments of child support are money judgments, and a child-support obligee is not required to obtain a judgment of arrears from a court in order to proceed with garnishment. See Ex parte Morgan, 440 So.2d 1069, 1072 (Ala. 1983), and Moore v. Moore, 160 So.3d 325, 329 (Ala. Civ. App. 2014). “[T]he plaintiff or assignee in any judgment on which execution can issue may obtain process of garnishment ....”§ 6-6-390, Ala. Code 1975. Section 6-6-391, Ala. Code 1975, provides, in part, that '
“[t]o obtain [a] writ of garnishment, the plaintiff, his agent or attorney must make, before an officer authorized to administer oaths, and file, with the clerk of the court in which the action is pending or the judgment was entered, an affidavit stating the amount due from the defendant to the plaintiff, or his assignee, that process of garnishment is believed to be necessary to obtain satisfaction thereof and that the person to be summoned as garnishee is believed to be chargeable as garnishee in the case.”
*192 The- affidavit in support of garnishment should be made by the real owner of the judgment. Jackson v. Shipman, 28 Ala. 488, 493 (1856). DHR asserts that it was able to execute the affidavit under its power to enforce child-support obligations. Section 38-10-3(a), Ala, Code 1975, enables DHR, among other things, to “operate child support programs as may be required under the provisions of Title IVD, including, but not limited to, ... establishing or modifying support orders [and] enforcing support obligations and related matters.” Section 38-10-7, Ala. Code 1975, further enables DHR to take action to collect unpaid child support; specifically, § 38-10-7(a) provides, in pertinent part:
“Whenever anyone owing the obligation of support has failed to provide support, and application is made to the department for support services as may be provided pursuant to the requirements of Title IV-D or for aid, the-department, and including the district attorney when providing services for the department, may take appropriate action under this article, or any other appropriate state and federal statutes, to assure that the .responsible person or persons owing the obligation of support provide support, including, but not limited to, civil or criminal actions to determine parentage or to establish, modify, or enforce support obligations.”
Accordingly, pursuant to DHR’s statutorily granted powers, DHR, acting as an agent of the former wife, had the authority to initiate the garnishment process and to have its representative sign the affidavit required by § 6-6-391.
The former husband also argues that he was denied due process because he was denied an opportunity to be heard on his defense to the claim that he owed past-due installments of child support. “Alabama’s garnishment statutes recognize that both the putative garnishee and the defendant are entitled to notice and an opportunity to appear as parties in interest entitled to assert their respective positions as to the plaintiffs garnishment claim.” Robbins, 109 So.3d at 1131. The record indicates that, although the trial court scheduled a hearing on the . former husband’s motion to quash the garnishment for March 3,2016, that hearing was continued to secure the former wife’s presence at the hearing. From the record before us, it appears that .the hearing, was not held. Therefore, the April 20, 2016, order reinstating the garnishment was entered without permitting the former: husband to be heard on his defenses to the writ of garnishment. Accordingly, the former husband was denied his right to be heard. Robbins, 109 So.3d at 1131. See also J & C Truck Driving Sch., Inc. v. Ingram, 166 So.3d 690, 693 (Ala. Civ. App. 2014) (holding that, pursuant to Rule 64B, Ala. R. Civ. P., a judgmént creditor was -entitled to a hearing ón its contest of a judgment debt- or’s claim of exemption). The April 20, 2016, judgment is reversed, and the cause is remanded with instructions to the trial court- to hold -a hearing at which the former husband may present his defenses to the writ of garnishment.
The former husband’s request for attorney fees on appeal is denied.
REVERSED AND ' REMANDED WITH INSTRUCTIONS.. ...
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J., concurs in the result, without writing.

. We note that "[a] trial court lacks jurisdiction to entertain a successive postjudgment motion requesting the same or similar relief as the original postjudgment motion or requesting reconsideration of the trial court's denial of the original postjudgment motion.” Green v. Green, 43 So.3d 1242, 1244 (Ala. Civ. App. 2009).

. We observe that the writ of garnishment was actually issued on November 10, 2015.